**Ruth M. CARNAHAN, Personal Representative of the Estate of Robert W. Carnahan, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. TH 80–120–C.**

United States District Court, S. D. Indiana, Terre Haute Division.

Feb. 4, 1982.

Sarah Evans Barker, U. S. Atty., Charles Goodloe, Jr., Asst. U. S. Atty., Indianapolis, Ind., John S. Miles, Trial Atty., Tax Division, Dept. of Justice, Washington, D. C., for defendant.

Jeffrey B. Kolb, Thomas S. Emison, Robert P. Doolittle, Jr., Emison, Emison, Doolittle & Kolb, Vincennes, Ind., for plaintiff.

## MEMORANDUM ENTRY

BROOKS, District Judge.

The Plaintiff obtained an extension of time up to and including August 2, 1976, to file a federal estate tax return, form 706, and to pay federal estate tax. On July 29, 1976, Plaintiff mailed the federal estate tax return to the Internal Revenue Service (IRS). The return was received by the IRS on August 2, 1976. On Monday, July 30, 1979, the Commissioner of the IRS mailed a notice of deficiency for the above return to the Plaintiff which was received on August 1, 1979. On December 3, 1979, the Commissioner of the IRS assessed federal estate taxes against Plaintiff. The only issue raised by the Plaintiff's Motion to Dismiss and the Defendant's Motion for Summary Judgment is whether the statutory notice of deficiency was valid within the three (3) year statute of limitations, *i.e.* within three

years of after the taxpayer's return was filed. Title 26, U.S.C., § 6501.

Title 26, U.S.C., § 6501 provides in relevant part:

[T]he amount of any tax imposed by this title shall be assessed within 3 years after the return was filed (whether or not such return was filed on or after the date prescribed) . . . and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period.

Title 26, U.S.C., § 7502(a) provides in relevant part:

If any return . . . required to be filed . . . within a prescribed period or on or before a prescribed date . . . is, after such period or date, delivered by United States postmark stamped on the cover in which such return . . . is mailed shall be deemed to be the date of delivery . . .

Plaintiff herein asserts that the mailing date (July 29, 1976) constitutes the filing date for purposes of determining the commencement of the period of limitations for assessing tax by virtue of Section 7502(a). The Defendant contends that the filing date was the date of receipt, August 2, 1976, the day the return was due and received by the IRS.

■ Generally the date of filing under Section 6501(a) is the date of delivery to the agency, *i.e.* the date of receipt by the IRS. *Hotel Equities Corp. v. Commissioners*, 65 T.C. 528 (1975) *aff'd* 546 F.2d 725 (7th Cir. 1976). This is true even if there has been an extension of time granted by the IRS for filing a return. *Pace Oil Co. v. Commissioners*, 73 T.C. 249 (1949). The provisions of Section 7502(a) which allow the filing date to be the date of mailing apply only when the return or other paper is mailed within the prescribed time period but not received by the IRS until after the due date. *Hotel Equities Corp. v. Commissioners, supra; Pace Oil Co. v. Commissioner, supra.* As stated in *Pace Oil Co. v. Commissioners, supra* at 253:

Clearly, if the petitioner's interpretation were correct, section 7502(a) would apply here. So construed, that section would also, as petitioner contends that it was intended to, establish a general rule that any return mailed during an extended period for filing is deemed to be delivered on the date of its mailing. We, however, do not agree that such a rule is within the scope of section 7502(a).

If the Congress had intended to enact any such rule as that for which petitioner contends, it could not have been more indirect in doing so. *On its face, section 7502(a) evidences the express purpose that the date of mailing of a return be deemed to be the date of its delivery only where it would otherwise be considered as untimely filed.* There is no indication that this rule is to apply to returns that are timely without regard to section 7502(a), *i.e.*, returns that are delivered prior to the expiration of an extended period for filing. (Emphasis supplied)

■ In the present situation the return was due on August 2, 1976. Plaintiff mailed the return on July 29, 1976, and it was received by the IRS on August 2, 1976. Pursuant to the above discussion the return was "filed" on August 2, 1976, and, therefore, the three year statute of limitations contained in Section 6501(a) would bar any action filed by the IRS after August 2, 1976. The IRS sent its notice of deficiency to Plaintiff on July 30, 1979, and it was received on August 1, 1979; consequently, the deficiency action was brought in a timely manner.

■ The Court also notes that even if July 29, 1979, was the last day for the filing of the notice of deficiency, such date was a Sunday. Title 26, U.S.C., § 7503, provides that when the last day for performing any act falls on a Saturday, Sunday, or legal holiday, performance is timely if done on the next succeeding day which is not a Saturday, Sunday, or legal holiday. The IRS performed the act of issuing the notice of deficiency on the succeeding day which was not a Saturday, Sunday, or legal holiday; consequently, the issuance of the notice of deficiency was timely. *See, Pace Oil Co. v. Commissioner, supra,* at 249 n. 4.