ALLAN G. JONES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Jones v. Commissioner
Docket No. 33259-87.
United States Tax Court
T.C. Memo 1988-542; 1988 Tax Ct. Memo LEXIS 571; 56 T.C.M. (CCH) 724; T.C.M. (RIA) 88542; November 29, 1988. Allan G. Jones, pro se. Timothy Sinnott, for the respondent. PATE
MEMORANDUM FINDINGS OF FACT AND OPINION PATE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b) of the Internal Revenue Code of 1986 and Rule 180 et seq. [1]
Respondent determined deficiencies and additions to petitioner's Federal income tax for the years 1979, 1982, and 1983 in three notices of deficiency issued on July 6, 1987, July 6, 1987, and July 27, 1987, respectively, as follows: 1979
1982
1983
Income tax deficiency
$ 4,846.46
$ 6,613.00
$ 2,691.00
Additions to tax
Section 6651(a)(1)
96.36
140.25
378.00
Section 6653(a)
242.32
Section 6653(a)(1)
330.65
134.55
Section 6653(a)(2)
*  ** Section 6654(a)
74.47
*574 Allan G. Jones (hereinafter "petitioner") was single during the years in issue. He timely filed his petition on October 6, 1987. [2] He resided in Mulberry, Indiana, on that date. As reflected on the notices of deficiency, respondent determined that petitioner had not filed income tax returns for the years 1979, 1982, and 1983. He included in petitioner's gross income: wages of $ 22,935, $ 28,769, and $ 18,335 for the years 1979, 1982, and 1983, respectively; dividend income of $ 598 and $ 88 for the years 1982 and 1983, respectively; and interest income of $ 34, $ 217, and $ 59 for the years 1979, 1982, and 1983, respectively. In addition, he determined that petitioner was liable for additions to tax for negligence and for failure to file income tax returns for all three years in issue. He also determined the addition to tax for failure to pay estimated taxes for 1983. At trial, [3] the parties stipulated that petitioner was entitled to Schedule A deductions in the amounts of $ 1,537.15, $ 1,283.18 and $ 1,551.31 *575 for the years 1979, 1982, and 1983, respectively; had sustained a short-term capital loss during 1983 of $ 11,268.31; and that petitioner became totally disabled during March of 1983 and remained disabled through the end of the year. Accordingly, for 1983, respondent allowed petitioner a $ 3,000 capital loss deduction and a $ 4,200 disability exclusion ($ 100 per week X 42 weeks) subject to the limitations of section 105(d)(3). The parties also stipulated that petitioner is not liable for the addition to tax under section 6654(a) for 1983. After taking into consideration the stipulations of the parties, the issues remaining for our consideration are: (1) whether respondent's adjustments to petitioner's gross income were incorrect, (2) whether petitioner was engaged in a trade or business in 1983 and if so, the amount of the gross income and business deductions attributable thereto, [4] (3) whether petitioner filed an *576 income tax return for the year 1979, causing the statute of limitations to expire prior to the time the notice of deficiency was issued, (4) whether petitioner is entitled to itemized deductions in excess of the zero bracket amount for any of the three years, (5) whether petitioner is liable for the addition to tax for failure to timely file an income tax return for each of the three years, and (6) whether any part of the underpayment in each of the three years is due to petitioner's negligence or intentional disregard of the rules or regulations. First, we must consider whether respondent's determinations of petitioner's gross income, as shown on the notices of deficiency and enumerated above, were correct. Petitioner admittedly was employed by General Motors Corporation during the years in issue. At trial, he did not submit any information to refute respondent's determinations of the amounts of his wages nor of his other gross income. Gross income includes all income from *577 whatever source derived. It includes income received in any form whether in money, property, or services. Sec. 61; Commissioner v. Glenshaw Glass Co.,348 U.S. 426 (1955). Income is "gain derived from capital, from labor, or from both combined." Eisner v. Macomber,252 U.S. 189, 207 (1920). Moreover, the determinations made by respondent in the notice of deficiency are presumed correct. Welch v. Helvering,290 U.S. 111 (1933); Rule 142. Since petitioner did not submit any evidence to show that respondent's determination of the amount of his gross income was wrong, we find for respondent on this issue. Second, at trial, petitioner raised the question as to whether he was entitled to deduct certain automobile expenses on the ground that they were incurred in carrying on a trade or business. When questioned about the nature of the "business" in which the expenses were incurred, petitioner testified that: I was trying to start up an agricultural sales and repair service and that was, this would have been '83. This was just a few *578 months after I had been injured and was having a lot of medical problems. Things like that. In addition, when asked if he had derived any income from the "business," he stated: Sometimes I can sell things, but during this time, I was not able to get out and to, you know, try to sell them. There has been one or two sales, but essentially, I've not been able to do anything for gainful employment. Section 162(a) allows a deduction for all the ordinary and necessary expenses paid during the taxable year in carrying on any trade or business. Whether activities carried on by an individual can be characterized as those of a trade or business under section 162(a) is a question of fact. Ford v. Commissioner,56 T.C. 1300, 1307 (1971), affd. 487 F.2d 1025 (9th Cir. 1973); Corbett v. Commissioner,55 T.C. 884, 887 (1971); Furner v. Commissioner,393 F.2d 292 (7th Cir. 1968), revg. 47 T.C. 165 (1966); Canter v. United States,173 Ct. Cl. 723, 354 F.2d 352 (1965). In order for an expenditure *579 to be deductible as a business expense, such expenditure must relate to activities which amount to the present carrying on of an existing business. Estate of Rockefeller v. Commissioner,83 T.C. 368, 374 (1984), affd. 762 F.2d 264 (2d Cir. 1985); McGuire v. Commissioner,77 T.C. 765, 778 (1981); Madison Gas & Electric Co. v. Commissioner,72 T.C. 521, 566-567 (1979), affd. 633 F.2d 512 (7th Cir. 1980). We think that petitioner's testimony clearly establishes that, in 1983, he was not carrying on a trade or business. To constitute a trade or business, the activity must be pursued by the taxpayer in good faith, with regularity, and for the production of income for his livelihood. Commissioner v. Groetzinger,480 U.S. 23 (1987). Petitioner admittedly was incapacitated during much of 1983, at the time when these expenses were incurred. As a result, his activity was extremely limited and sporadic. There is no evidence showing that these activities were conducted with any type of regularity *580 or with the expectation of producing income for his livelihood. In fact, petitioner failed to acknowledge that he received any amount of trade or business income from an agricultural and repair service during 1983. Consequently, we find that he was not "carrying on" an existing business during 1983 and, therefore, is not entitled to deduct any trade or business expenses in connection therewith. Third, petitioner contends that he filed an income tax return for the year 1979, and consequently, the statute of limitations had expired at the time the notice of deficiency was issued. He argues, therefore, that no deficiency may be assessed for 1979. At trial, however, he did not produce a copy of such return, nor did he testify as to the circumstances under which he purportedly filed it. An income tax return must be filed by all individuals receiving gross income in excess of certain minimum amounts and petitioner had gross income well in excess of those minimums for each of the years in issue. See secs. 1, 61, 6011, 6012, and 7701(a)(1). Further, taxes must be assessed within three years *581 after the last day prescribed by law for filing the return on which the tax is reported, or, if later, within three years after the return is filed. Sec. 6501(a). However, where no return is filed, the tax may be assessed at any time. Sec. 6501(c)(3); Edwards v. Commissioner,680 F.2d 1268 (9th Cir. 1982). Although section 6501 does not define the word "filed," this and other courts have held that, for purposes of determining the commencement of the period of limitations for assessment of tax, "filed" is synonymous with delivery to, and receipt by, the Internal Revenue Service. First Charter Financial Corp. v. United States,669 F.2d 1342, 1345-1347 (9th Cir. 1982); Phinney v. Bank of the Southwest National Assn., Houston,335 F.2d 266 (5th Cir. 1964); Walden v. Commissioner,90 T.C. 947 (1988); Pace Oil Co. v. Commissioner,73 T.C. 249 (1979); Hotel Equities Corp. v. Commissioner,65 T.C. 528, 531 (1975), affd. 546 F.2d 725 (7th Cir. 1976); Carnahan v. United States,532 F.Supp. 603 (S.D. Ind. 1981). There is no evidence in this record *582 which shows that respondent received an income tax return for 1979 from petitioner. Accordingly, we hold that the statute of limitations had not run on petitioner's 1979 income tax return when the notice of deficiency was issued. Fourth, petitioner contends that he is entitled to itemize deductions in excess of his zero bracket amount for each of the taxable years 1979, 1982, and 1983. Section 63(g)(1) provides that an individual must make an election in order to itemize his deductions. Having failed to file income tax returns, it is obvious that petitioner made no such elections. Moreover, the total itemized deductions stipulated by the parties are less than the zero bracket amount allowed by respondent. Consequently, petitioner suffered no detriment by respondent's use of the zero bracket amount. Fifth, petitioner contends that he should not be liable for the additions to tax under section 6651(a)(1). That section provides: In case of failure -- (1) to file any return * * * unless it is *583 shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month * * * not exceeding 25 percent in the aggregate * * * To be absolved of the liability, the taxpayer must show that his failure to file was due to reasonable cause and not due to willful neglect. Neubecker v. Commissioner,65 T.C. 577 (1975). Illness or incapacity may constitute reasonable cause if the taxpayer establishes that he was so ill that he was unable to file. Williams v. Commissioner,16 T.C. 893 (1951). The taxpayer bears the burden of proving that this addition to tax does not apply. BJR Corp. v. Commissioner,67 T.C. 111, 130 (1976); Rule 142(a). Respondent has conceded that petitioner was disabled during a substantial portion of 1983, specifically, 42 weeks. Moreover, it appeared to us that petitioner is still somewhat incapacitated. *584 Consequently, we believe that petitioner has shown that he should not be held liable for the addition to tax under section 6651(a)(1) for 1983. However, since petitioner presented no evidence with regard to 1979 and 1982, we uphold respondent's determination as to those two years. Finally, petitioner contends that he should not be held liable for the addition to tax under section 6653(a). That section provides for an addition to the tax equal to 5 percent of an underpayment if any part of any underpayment is due to negligence or intentional disregard of the rules and regulations. Further, starting for returns for 1981, that section provides for the addition of an amount equal to 50 percent of the interest payable on the portion of the underpayment which is attributable to negligence. Negligence is the lack of due care or failure to do what a reasonable and prudent person would do under the circumstances. Neely v. Commissioner,85 T.C. 934, 947 (1985). Additions to tax based *585 on negligence or intentional disregard may be imposed even when an addition to tax for failure to file a return has been imposed. See Robinson's Dairy, Inc. v. Commissioner,35 T.C. 601, 609 (1961), affd. 302 F.2d 42 (10th Cir. 1962). Respondent's determination is presumptively correct and the taxpayer has the burden to overcome that presumption. Luman v. Commissioner,79 T.C. 846, 860-861 (1982). Again, we find that petitioner is not subject to this addition to tax for 1983 because of the extended period of his disability. However, we sustain respondent's determination as to 1979 and 1982 because petitioner has failed to present evidence to refute it. Decision will be rendered under Rule 155.
Footnotes
1. Unless otherwise specified, all section references are to the Internal Revenue Code of 1954 as amended and in effect during the years in issue, and all rule references are to the Tax Court Rules of Practice and Procedure.↩
*. 50% of the interest due on $ 561.00. ** 50% of the interest due on $ 1,512.00.↩
2. He mailed the petition on October 2, 1987. See secs. 6213(a), 7502(a).↩
3. This case was partially tried in Indianapolis, Indiana, on March 8, 1988. When it became evident that petitioner was only partially prepared for trial, upon agreement of the parties, the remainder of the case was tried in Columbus, Ohio, on April 28, 1988.↩
4. This issue was not reflected on the notice of deficiency. It was tried with the consent of the parties.↩