SKYE BASSETT, PETITIONER *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 2050–91.          Filed June 30, 1993.

*Andrew P. Fradkin,* for petitioner.
*Frank A. Racaniello,* for respondent.

COLVIN, *Judge:* Respondent determined deficiencies of $5,218 for 1985, $15,503 for 1986, and $3,043 for 1987 for petitioner, and additions to tax as follows:

*Additions to tax*

| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6651(a) | Sec. 6654 |
|------|------|------|------|------|
| 1985 | $261 | [1] | $1,149 | $253 |

[1] Fifty percent of the interest due on the underpayment due to negligence.

*Additions to tax*

| Year | Sec. 6653(a)(1)(A) | Sec. 6653(a)(1)(B) | Sec. 6651(a) | Sec. 6654 |
|------|------|------|------|------|
| 1986 | $775 | [1] | $3,767 | $723 |
| 1987 | 152 | [1] | 761 | - - - |

[1] Fifty percent of the interest due on the underpayment due to negligence.

The parties have settled all issues except for those pertaining to additions to tax. The following issues remain to be decided:

1. Whether petitioner's parents were required by section 6012(b)(2) to file returns for her for the years at issue during which she was a minor child and they were her guardians. We hold that they were.

2. Whether petitioner is liable for the addition to tax for failure to file returns under section 6651(a) because her parents did not have reasonable cause for failing to file for her. We hold that she is.

3. Whether petitioner is liable for additions to tax for negligence under section 6653(a) because of her parents' negligent failure to file her returns. We hold that she is.

4. Whether petitioner is liable for the addition to tax for failure to pay estimated tax under section 6654 for 1985 and 1986. We hold that she is.

Unless otherwise stated, all section references are to the Internal Revenue Code in effect during the years in issue. All

Rule references are to the Tax Court Rules of Practice and Procedure.

FINDINGS OF FACT

## 1. *Petitioner and Her Family*

Petitioner was born on June 10, 1973. She resided with her parents in New York City during the years in issue and when the petition was filed. She was a professional child actress in 1985, 1986, and 1987, when she was 11, 12, 13, and 14 years old.

Petitioner's grandfather was a vaudeville circuit performer. Petitioner's father graduated from Bucknell University. He had been a television director and producer and was employed at the National Broadcasting Co. during the years in issue. Petitioner's mother was not employed outside the home. Petitioner's parents had prepared and filed their own Federal income tax returns in the past.

Petitioner is the oldest of four children. All three of her siblings were pursuing acting careers during the years in issue. Petitioner's mother took them to their auditions and accompanied them on some of their jobs. Petitioner and her siblings had more than 500 auditions and other acting employment appointments from August 1984 through 1987.

## 2. *Petitioner's Acting Employment From 1984 to 1987*

Petitioner began auditioning for acting jobs on or before August 8, 1984. Her parents signed her first professional acting contract on August 20, 1984, for a part in "Brighton Beach Memoirs". She was scheduled to begin work in September 1984. She toured in "Brighton Beach Memoirs" for 5 or 6 months, including Toledo, Ohio, in November 1984.

Petitioner's "Brighton Beach Memoirs" contract provided that, beginning with rehearsals, she was to be paid $800 per week for 1 year plus $434 per week for out-of-town expenses. Rehearsals were scheduled to begin no more than 6 weeks before the first performance. The first performance was scheduled for September 1984.

Petitioner performed in a Broadway play road company, two made-for-television movies, and several episodes of a television series at times not specified in the record.

Petitioner's parents were highly supportive of her acting. One or both of petitioner's parents did the following: (1) Signed petitioner's employment contracts, (2) usually traveled with her while she worked, (3) handled her income and bank accounts, including writing checks for all other employment-related expenses, and (4) kept daily journals and travel logs of her auditions, callbacks, bookings, and employment.

Barbara Jarrett was petitioner's manager during the years in issue. Mrs. Jarrett handled most of petitioner's career matters, such as auditions, training, and appearances. Mrs. Jarrett did not tell petitioner or her parents whether or not to file income tax returns for petitioner.

## 3. *Petitioner's Income*

Petitioner earned gross income of $28,643 in 1985, $56,262 in 1986, and $21,829 in 1987. She is entitled to business expense deductions of $6,102 for 1985, $20,709 for 1986, and $6,202 for 1987. Petitioner's employers sent Forms W-2 for the years in issue to her residence. Petitioner earned $20,290 from "Brighton Beach Memoirs" in 1985, as stated on a Form W-2 sent to her home. Petitioner's parents knew that she was earning a substantial amount of income from acting.

Petitioner did not file income tax returns for the years in issue and none were filed on her behalf. Petitioner did not know that income tax returns were required to be filed on her behalf during the years in issue.

OPINION

## 1. *Petitioner's Parents' Obligation To File Her Returns*

Amounts received for the services of a child are included in the child's gross income and not in the gross income of the parent. Sec. 73(a). For this purpose, "parent" includes an individual who is entitled to the services of a child by virtue of having parental rights and duties in respect of the child. Sec. 73(c). Any income tax assessed against a child attributable to amounts includable in the child's gross income solely because of section 73(a) shall, if not paid by the child, be considered as having also been properly assessed against the parent. Sec. 6201(c).

The parties agree that petitioner was required to make returns but was unable to do so. Respondent contends that

petitioner's parents were obligated to file her returns for her. Section 6012(b)(2) provides:

> (2) PERSONS UNDER A DISABILITY.—If an individual is unable to make a return required under subsection (a), the return of such individual shall be made by a duly authorized agent, his committee, guardian, fiduciary or other person charged with the care of the person or property of such individual. The preceding sentence shall not apply in the case of a receiver appointed by authority of law in possession of only a part of the property of an individual.

A guardian, fiduciary, or other person charged with the care of a person (or the person's property) who is unable to file a required return is required to file the return for the person. Sec. 6012(b)(2). In New York State, the parents of a child are their child's joint guardians. N.Y. Dom. Rel. Law sec. 81 (West 1988).[1] Therefore, petitioner's parents were required to file petitioner's returns. Sec. 6012(b)(2).[2]

## 2. Failure To File Income Tax Returns Under Section 6651(a)

Respondent determined that petitioner is liable for an addition to tax for failure to timely file income tax returns under section 6651(a)(1) for the years in issue. Section 6651(a)(1) provides in pertinent part:

---

[1] N.Y. Dom. Rel. Law sec. 81 (West 1988) states: "A married woman is a joint guardian of her children with her husband, with equal powers, rights and duties in regard to them."

[2] Sec. 1.6012-1(a)(4), Income Tax Regs., states in pertinent part: "The return of a minor must be made by the minor himself or must be made for him by his guardian or other person charged with the care of the minor's person or property."

Sec. 1.6012-3(b)(3), Income Tax Regs., provides:

(3) *Persons under a disability.* A fiduciary acting as the guardian of a minor, or as the guardian or committee of an insane person, must make the return of income required in respect of such person unless, in the case of a minor, the minor himself makes the return or causes it to be made.

Treasury Notice 89-7, 1989-1 C.B. 627 (published after the years at issue), states respondent's position as follows:

Q.2. Who is responsible for filing a child's return?

A.2. A child is responsible for filing his or her own return. If for any reason, such as age, the child is unable to file a return, the child's parent or guardian is responsible for filing the child's return on the child's behalf. The parent or guardian should sign the child's name on the return in the proper place followed by: "By (*signature*), Parent (or Guardian) for minor child."

Q.3. Who is liable for the tax shown as due on a child's return?

A.3. The child is liable for his or her own tax. The child's parents may also be liable for the child's tax to the extent it is attributable to income for personal services performed by the child.

Q.4. Who is liable for any penalties and interest imposed for failure to file a return or pay the tax with respect to a child's income?

A.4. The child is responsible for the payment of any penalties and interest imposed for failure to file a return or pay the tax with respect to his or her income. The child's parent is not responsible for the payment of penalties and interest merely because he or she is responsible for filing the return on the child's behalf.

## SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX.

(a) ADDITION TO THE TAX.—In case of failure—

(1) to file any return under the authority of subchapter A of chapter 61 (other than part III thereof), * * * on the date prescribed therefor * * * unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;

This addition to tax applies unless the failure to file is due to reasonable cause and not due to willful neglect (reasonable cause exception). Petitioner has the burden of proving that the reasonable cause exception is met. *United States v. Boyle,* 469 U.S. 241, 245 (1985).

Petitioner contends that her failure to file was due to reasonable cause and not willful neglect because she lacked capacity due to her youth and that her parents' failure to file returns for her should not be grounds for holding her liable for the addition to tax for failure to file.

Petitioner relies upon *Harbour v. Commissioner,* T.C. Memo. 1991-532, and *Jones v. Commissioner,* T.C. Memo. 1988-542, where we held that incapacity was reasonable cause under section 6651(a) for failure to timely file and section 6653(a) for negligence. We note that additional cases are in accord. *Williams v. Commissioner,* 16 T.C. 893, 906 (1951); *Freeman v. Commissioner,* T.C. Memo. 1980-380; *Hayes v. Commissioner,* T.C. Memo. 1967-80; *Estate of Forbes v. Commissioner,* a Memorandum Opinion of this Court dated Feb. 20, 1953; *Brown v. United States,* 630 F. Supp. 57 (M.D. Tenn. 1985). However, unlike petitioner here, the taxpayers in those cases did not have agents or guardians who were required by section 6012(b) to file the taxpayers' returns. In contrast, in an income tax case where a conservator was appointed for a taxpayer who was unable to file, we imposed liability for the late filing addition under section 6651(a). *Estate of Long v. Commissioner,* T.C. Memo. 1978-172.

As discussed below, we conclude, based primarily on the text of sections 6651(a) and 6012(b)(2), the legislative history of those and related sections, the applicable regulations, and the legal relationship between parent and child, that petitioner is liable for the addition to tax for failure to timely file because her parents' failure to file a return for her was not

shown to be due to reasonable cause rather than willful neglect.

a. *Statutory History*

We next consider this issue in the context of the history of sections 73(a), 6012(b)(2), 6201(c), and 6651(a). In 1918, legislation was enacted which required that persons less than 21 years old with sufficient income file returns and that returns of persons unable to file were to be filed by their guardians. Revenue Act of 1918, ch. 18, sec. 223, 40 Stat. 1074. This was a predecessor to section 51(c) of the Internal Revenue Code of 1939, ch. 2, 53 Stat. 27, and later to section 6012(b)(2).

In 1928, Congress enacted the addition to tax for failure to timely file a return. Revenue Act of 1928, ch. 852, sec. 291, 45 Stat. 857. This was a predecessor to section 6651(a). It did not apply if the failure to file was due to reasonable cause and not due to willful neglect. *Id.* The requirement that a guardian file a return for a person unable to file was enacted before 1928. Section 291 of the Revenue Act of 1928 provided for liability for the addition to tax if there was "any failure to make and file". It was not limited to a failure to file by the taxpayer; instead, it applied to any failure to file unless the failure to file was due to reasonable cause and not due to willful neglect. Thus, as written, this addition to tax applied to a failure to file by a guardian who was required to file by predecessor sections to section 6012(b)(2).

In 1944, Congress sought to provide uniform Federal income tax treatment of children's income among the States. Individual Income Tax Act of 1944, ch. 210, sec. 7, 58 Stat. 235 (amending Internal Revenue Code of 1939, ch. 2, sec. 22, 53 Stat. 9); S. Rept. 885, 78th Cong., 2d Sess. 22-23 (1944). Section 22(m)(1) of the Internal Revenue Code of 1939, as amended, predecessor of section 73(a), provided that income from a child's services is the income of the child rather than the parent. Section 22(m)(4) of the Internal Revenue Code of 1939, as amended, predecessor to section 6201(c), provided that parents are considered to have been properly assessed if tax assessed to their child by reason of section 22(m)(1) is not paid. The legislative history for the 1944 act states that Congress intended parents to file returns for their children:

Under these provisions, it is contemplated that the parent or guardian of the child will cause to be made and filed, and will execute, on behalf of the child, the required return where the child himself is unable to do so. * * *

* * * * * * *

It is recognized that the compensation of the child must be considered charged with the tax thereon, and that the rights and duties and privileges possessed by the parent with respect to such compensation and the support of the child entail a responsibility upon the parent for the timely return and payment of the tax attributable to such compensation. The parent is generally the guardian of the person of the child and usually also the guardian of the property of the child. With respect to the making and filing of the return of the child, it seems undesirable to impose upon the parent a duty additional to those already imposed upon him by sections 51(c), 142, 161, 3796(a)(6), and related provisions of the code. In view of the parent's dominion over such compensation, it also seems desirable that the parent's duty as to the payment of the tax attributable to the compensation should be more definite and direct than that provided in the House bill. [S. Rept. 885, 78th Cong., 2d Sess. 23 (1944).[3]]

See *Fritschle v. Commissioner,* 79 T.C. 152, 157 (1982) (description of Congressional purpose for enacting section 73). The Senate version was enacted with amendments unrelated to this issue, and there was no conference report for the 1944 act.

The text of section 6651(a) shows that section 6651(a) was intended to apply where persons (e.g., the taxpayer's guardians) were required to file for the taxpayer but failed to do so. Section 6651(a)(1) specifies that the addition to tax is added to the tax required to be shown on the return of the taxpayer. Thus, section 6651(a) imposes liability on the taxpayer, but is not limited to a failure to file by the taxpayer. We assume this contrast in language was purposeful, and, in light of the guardian's duty to file imposed by section 6012(b)(2) and its predecessors, that it was intended to lead to imposition of liability on the taxpayer if the guardian unjustifiably failed to file. Consistent with this, the regula-

---

[3] Sec. 51(c) of the Internal Revenue Code of 1939, ch. 2, 53 Stat. 27, a predecessor to sec. 6012(b)(2), provided: "If the taxpayer is unable to make his own return, the return shall be made by a duly authorized agent or by the guardian or other person charged with the care of the person or property of such taxpayer."

Sec. 142 of the Internal Revenue Code of 1939, 53 Stat. 60, applied to fiduciary returns.

Sec. 161(a)(2) of the Internal Revenue Code of 1939, 53 Stat. 66, provided that "income collected by a guardian of an infant which is to be held or distributed" is taxable.

Sec. 3797(a)(6) of the Internal Revenue Code of 1939, 53 Stat. 469, defined the term "fiduciary" to mean "a guardian, trustee, executor, administrator, receiver, conservator, or any person acting in any fiduciary capacity for any person."

tions under section 6012 make explicit that if a minor child fails to file a required return, the guardian must file one on the child's behalf. Secs. 1.6012-1(a)(4), 1.6012-3(b)(3), Income Tax Regs.

### b. *Unique Legal Relationship Between Parent and Child*

Because of the unique legal relationship between parent and child, it is entirely fitting to apply the addition to tax for failure to file to the child if the parent's failure to file was not reasonably justified. Parents are universally recognized to have a legal and moral duty to support, maintain, and care for their minor children. *Dunbar v. Dunbar,* 190 U.S. 340, 351 (1903); *Furman v. Van Sise,* 56 N.Y. 435, 439 (1874). In return for the duty of support, a parent is entitled to the services of his or her children during their minority. H. Rept. 1365, 78th Cong. 2d Sess. 21 (1944); 59 Am. Jur. 2d, Parent and Child, sec. 37 (1987). It has been traditionally held that the parent is entitled to the wages of the child until the child reaches majority. 59 Am. Jur. 2d, Parent and Child, sec. 37 (1987); see *Fritschle v. Commissioner, supra* at 158 n.10; *Allen v. Commissioner,* 50 T.C. 466, 473 n.2, 474 n.3 (1968), affd. 410 F.2d 398 (3d Cir. 1969); *Dekorse v. Commissioner,* 5 T.C. 94, 101 (1945), affd. per curiam 158 F.2d 801 (6th Cir. 1946).

Petitioner argues that she should not be penalized for her parents' dereliction of duty, citing *United States v. Boyle,* 469 U.S. 241 (1985), particularly footnote 6 thereof. The issue in *Boyle* was whether an estate was liable for the addition to tax under section 6651(a) where the executor relied on counsel to timely file the return. The Supreme Court held that the executor may not escape section 6651 liability by relying on counsel to file. However, the Supreme Court said in dicta that the reasonable cause exception under section 6651(a) "might well" apply to an individual taxpayer who lacks capacity. The Supreme Court said:

> The administrative regulations and practices exempt late filings from the penalty when the tardiness results from postal delays, illness, and other factors largely beyond the taxpayer's control. See *supra,* at 689, and n.1. The principle underlying the IRS regulations and practices—that a taxpayer should not be penalized for circumstances beyond his control—already recognizes a range of exceptions which there is no reason for us to pass on today. This principle might well cover a filing default by a tax-

payer who relied on an attorney or accountant because the taxpayer was, for some reason, incapable by objective standards of meeting the criteria of "ordinary business care and prudence." In that situation, however, the disability alone could well be an acceptable excuse for a late filing. [*Id.* at 249 n.6.]

Footnote 6 raises the possibility, but does not decide, that a person incapable of filing, whose returns are to be prepared by an attorney or accountant, may not be liable under section 6651 because of lack of willfulness. Footnote 6 does not state that it is addressing the situation where the return preparer is a guardian or other duly authorized agent charged with the care of the individual or his property. Therefore, the preparer in footnote 6 would not be required by section 6012(b)(2) to file the return. Thus, in the situation in footnote 6, the only person required to file the return is the taxpayer, who is incapable of filing. Contrast this with the situation where an individual who is incapable of filing has an agent, guardian, or fiduciary required by section 6012(b)(2) to file the tax returns. In that situation, there is a competent person who is required to file the taxpayer's return. That is the situation in the instant case.

### c. *Application of Section 6651(a) to Petitioner*

We hold that the addition to tax for failure to file under section 6651(a) may apply to petitioner because her parents were fully able to fulfill their obligation under section 6012(b)(2) to file for her. This is different from the situation in *United States v. Boyle, supra* at 249 n.6, of a taxpayer who is unable to file and who has a preparer who is not a guardian or fiduciary required by section 6012(b)(2) to file the taxpayer's return. Since petitioner was unable to file but had a guardian or fiduciary under section 6012(b)(2), the applicability of section 6651 depends on the conduct of the guardian or fiduciary.[4]

---

[4] Petitioner does not contend, nor does the record suggest, that her relationship with her parents was anything but excellent before, during, and after the years at issue. Thus, we do not decide whether, in other circumstances such as, for example, if there is a bona fide breakdown in the relationship between a guardian and taxpayer, whether we would consider the guardian's conduct in applying additions to tax to the taxpayer.

### d. *Petitioner's Parents Lacked Reasonable Cause for the Failure To File*

Petitioner argues that her parents' failure to file returns was due to reasonable cause and not willful neglect. We disagree. Petitioner's parents are capable individuals. Her father was a college graduate. Her parents had filed their income tax returns in the past. They knew that petitioner earned a substantial amount of income during the years in issue. They testified that they believed that petitioner did not have to file because she was a student. They did nothing to investigate whether petitioner had tax liability on her substantial income, which totaled $28,643 in 1985, $56,262 in 1986, and $21,829 in 1987. They suggested no basis or authority for their position. They do not contend that they reported petitioner's income on their returns. We conclude that petitioner's parents did not have reasonable cause for failing to file petitioner's returns. Accordingly, we conclude that petitioner is liable for additions to tax for failing to file income tax returns under section 6651(a).

## 3. *Additions to Tax for Negligence*

Respondent determined that petitioner is liable for additions to tax for negligence under section 6653(a)(1) and (2) for 1985 and section 6653(a)(1)(A) and (B) for 1986 and 1987.

Section 6653(a)(1), in effect for 1985, provides in pertinent part:

(1) IN GENERAL.—If any part of any underpayment * * * is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the underpayment.

(2) ADDITIONAL AMOUNT FOR PORTION ATTRIBUTABLE TO NEGLIGENCE, ETC.—There shall be added to the tax (in addition to the amount determined under paragraph (1)) an amount equal to 50 percent of the interest payable under section 6601—

(A) with respect to the portion of the underpayment described in paragraph (1) which is attributable to the negligence or intentional disregard referred to in paragraph (1), and

(B) for the period beginning on the last date prescribed by law for payment of such underpayment (determined without regard to any extension) and ending on the date of the assessment of the tax (or, if earlier, the date of the payment of the tax).

Section 6653(a)(1)(A) and (B), as in effect for 1986 and 1987, provides in pertinent part:

(1) IN GENERAL.—If any part of any underpayment * * * is due to negligence or disregard of rules or regulations, there shall be added to the tax an amount equal to the sum of—
(A) 5 percent of the underpayment, and
(B) an amount equal to 50 percent of the interest payable under section 6601 with respect to the portion of such underpayment which is attributable to negligence * * *.

Negligence is lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. *Neely v. Commissioner,* 85 T.C. 934, 947 (1985). Petitioner bears the burden of proving that the underpayment resulting from the failure to file her return was not the result of negligence. *Warrensburg Board & Paper Corp. v. Commissioner,* 77 T.C. 1107, 1112 (1981); *Bixby v. Commissioner,* 58 T.C. 757, 791-792 (1972).

Petitioner contends that she is not liable for the addition to tax for negligence because of her incapacity to file returns and that her parent's conduct should not be imputed to her. Respondent asserts that petitioner is liable because of her parents' unreasonable failure to file her returns. Thus, we must decide whether petitioner's parents' conduct is imputed to petitioner for purposes of the addition to tax for negligence under section 6653(a), and if so, whether her parents were negligent.

a. *Application of Section 6653 to Taxpayers With Guardians*

Section 6653(a) states that the addition to tax applies if an understatement is due to negligence. Like section 6651, section 6653(a) does not require that the negligence be that of the taxpayer. As discussed above, petitioner's parents were her legal guardians and were required to file her returns. Sec. 6012(b)(2). They did not do so, and an understatement resulted. We are aware of no reason that the negligence addition should be treated differently than the failure to file addition for purposes of deciding the issue before us. Thus, we conclude that petitioner may be liable for the conduct of her guardians in deciding if the negligence addition applies.

b. *Petitioner's Parents Were Negligent*

Petitioner argues that her parents were not negligent because they did not know that she was required to file a return. We disagree. Petitioner's parents did nothing to investigate whether petitioner was liable for tax on her substantial earnings. Her parents actively helped petitioner earn money from acting, but totally failed in their responsibility to consider her tax obligations. They simply ignored the matter. We also consider the fact that petitioner's parents failed to file her returns for the years at issue, even though required by section 6012(b)(2) to do so. See *Emmons v. Commissioner,* 92 T.C. 342, 348-349 (1989), affd. 898 F.2d 50 (5th Cir. 1990) (where the Commissioner has the burden of proving negligence, failure to file establishes a prima facie case for the Commissioner that the taxpayer was negligent, which the taxpayer may rebut with evidence tending to show the failure to file was not negligent). We conclude that petitioner's parents were negligent, and that petitioner is liable for the addition to tax for negligence under section 6653(a)(1) and (2) for 1985, and section 6653(a)(1)(A) and (B) for 1986 and 1987.

4. *Failure To Pay Estimated Tax Under Section 6654*

Respondent determined that petitioner is liable for the addition to tax for failure to make estimated tax payments under section 6654 for 1985 and 1986. Petitioner concedes she is liable for 1986, but disputes her liability for 1985.

A taxpayer is liable for an addition to tax for failure to make estimated income tax payments unless the taxpayer shows that one of the statutory exceptions applies. Sec. 6654(a), (e). Under one of the exceptions, a taxpayer need not make estimated tax payments if (among other requirements) the taxpayer had no tax liability for the previous year. Sec. 6654(e)(2). Petitioner argues that she qualifies for this exception.

Petitioner has the burden of proving that she had no tax liability for 1984. Rule 142(a). Section 1(c) provides that for unmarried individuals there is a tax if taxable income for 1984 is more than $2,300. Petitioner testified that she began looking for work in 1985, that she got the role in "Brighton Beach Memoirs" in 1985, and that she did not work in 1984.

Petitioner also testified that her first audition was for a Nestle Co. commercial in 1985. However, petitioner's family log of auditions shows that petitioner's Nestle Co. commercial audition was on August 8, 1984. The log and the "Brighton Beach Memoirs" contract show that she auditioned for that production in August 1984. The log shows no entries for petitioner from August 17, 1984, until February 5, 1985, when she again began to regularly audition.

Under petitioner's "Brighton Beach Memoirs" contract, the first performance was scheduled for September 14, 1984, or no later than 2 weeks after that date. The contract also provided that employment began with rehearsals, which were not to begin any earlier than 6 weeks before the first performance. Petitioner and her father signed the contract. Neither of them has given us any reason to conclude that the production did not start in the fall of 1984 as provided by the contract.

Petitioner performed in "Brighton Beach Memoirs" in Toledo, Ohio, on November 8 to 10, 1984. This shows that, at the latest, performances began in early November 1984. Based on the contract, we infer that there were rehearsals before those performances.

The checks in the record show that petitioner was paid every week in January 1985 and 1 week in February 1985. The only other check to petitioner, dated February 27, 1985, includes the memo "Final payment as per agreement". Thus, it appears that petitioner's 5 to 6 months of work on "Brighton Beach Memoirs" ended in February 1985. This is generally consistent with petitioner's testimony that she toured with "Brighton Beach Memoirs" for 6 months, including 5 months in the Midwest. Thus, we conclude that petitioner began work on "Brighton Beach Memoirs" no later than October 1984. Therefore, we are not convinced that petitioner had no tax liability for 1984. Accordingly, we hold that petitioner is liable for the addition to tax under section 6654 for 1985.

In light of concessions by the parties and for the foregoing reasons,

*Decision will be entered under Rule 155.*