# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 9, 2021

Lyle W. Cayce
Clerk

No. 20-50994

Jeffery Allen Lindsay,

*Plaintiff—Appellant*,

*versus*

United States of America,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 4:19-CV-65

Before Higginbotham, Stewart, and Wilson, *Circuit Judges*.
Carl E. Stewart, *Circuit Judge*:

Jeffery Allen Lindsay sued the Internal Revenue Service ("the IRS") to recover penalties that he paid for filing late tax returns and making late tax payments for the 2012-2015 tax years. Lindsay's suit alleged that he was entitled to the "reasonable cause" exception to the otherwise mandatory penalties. The district court granted the IRS's motion to dismiss. We AFFIRM.

No. 20-50994

## I. FACTUAL AND PROCEDURAL HISTORY

Lindsay was incarcerated[1] from April 2013 to June 2015. In May 2013, he executed a Universal Power of Attorney ("POA") appointing Keith Bertelson as his attorney in fact. According to the terms of the POA, Bertelson had complete control of Lindsay's bank accounts and retained full authority to "manage [his] affairs." While incarcerated, Lindsay directed Bertelson to file his tax returns and pay his taxes. Although Bertelson assured Lindsay that he was filing his returns and paying his taxes, he was actually embezzling hundreds of thousands of dollars from him. Lindsay's tax returns for 2012 through 2015 were not timely filed, nor were his taxes or estimated quarterly taxes timely paid. While still incarcerated, Lindsay discovered Bertelson's malfeasance and revoked the POA in April 2014. Lindsay then sued Bertelson for embezzlement and after a jury trial in 2015, he was awarded $705,414.61 in actual damages and $1 million in punitive damages.

Once Lindsay was released from prison, he eventually filed all delinquent tax returns and paid the taxes owed, plus interest and $425,307.98 in penalties. In 2018, Lindsay was unsuccessful in obtaining a refund for the penalties that he paid to the IRS. He filed suit in federal district court the following year. In his complaint, Lindsay argued that his failure to file his tax returns and pay his taxes was due to reasonable cause and not willful neglect. He alleged that his incarceration qualified as a "disability" and that, considering his unusual circumstances, penalizing him for late filing and payments would go against equity and good conscience. He demanded a jury trial and sought a refund of the penalties that he paid.

---

[1] Lindsay has had multiple run-ins with the law. He was imprisoned at FCI Big Spring from 1996-2000.

2

The IRS moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted and, alternatively, for summary judgment. Relying on the Supreme Court's opinion in *United States v. Boyle*, 469 U.S. 241 (1985), the Government argued that a taxpayer is not entitled to the reasonable cause defense for late filings when he relies on an agent to file a timely tax return and the deadline for filing is ascertainable by the taxpayer.

The magistrate judge issued a report and recommendation that the Government's motion to dismiss be denied. The district court disagreed and issued an order rejecting the magistrate judge's report and recommendation. In its order, the district court explained that while it was sympathetic to Lindsay's specific circumstances, the "weight of authority indicates he has failed to state a claim upon which relief can be granted." Beginning with *Boyle*, 469 U.S. at 245, the district court navigated the relevant caselaw and concluded that Lindsay was not entitled to assert the reasonable cause defense under I.R.C. § 6651(a)(1)–(2) or § 6654(a). Although the district court granted the Government's motion to dismiss, it permitted Lindsay fourteen days to amend his complaint should he wish to do so. When Lindsay did not file an amended complaint by the designated deadline, the district court issued an order dismissing his suit and closing the case. This appeal follows.

## II. STANDARD OF REVIEW

"We review a district court's grant of a motion to dismiss de novo, 'accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiffs.'" *Anderson v. Valdez*, 845 F.3d 580, 589 (5th Cir. 2016) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)). To prevail on a Rule 12(b)(6) motion to dismiss, "a plaintiff's complaint 'must contain sufficient factual matter, [if] accepted as true, to

No. 20-50994

'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see* FED. R. CIV. P. 12(b)(6). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal*, 556 U.S. at 678).

## III. DISCUSSION

Lindsay argues that he sufficiently pled reasonable cause under the Internal Revenue Code. We disagree.

### *A. Reasonable Cause under I.R.C. § 6651(a)(1)–(2)*

Lindsay first argues that he was exempt from the mandatory penalties under I.R.C. §§ 6651(a)(1) and (a)(2) because he demonstrated reasonable cause. The district court dismissed Lindsay's suit, citing *Boyle*, 469 U.S. at 245.

Section 6651(a)(1) of the Internal Revenue Code provides that failure to timely file a return will result in a monetary penalty "unless it is shown that such failure is due to reasonable cause and not due to willful neglect[.]" I.R.C. § 6651(a)(1). Section 6651(a)(2) similarly provides that failure to timely pay taxes owed will result in a monetary penalty "unless it is shown that such failure is due to reasonable cause and not due to willful neglect[.]" § 6651(a)(2).

The Internal Revenue Code does not define "reasonable cause," but the Treasury Department's regulations provide some clarity:

> If the taxpayer exercised ordinary business care and prudence and was nevertheless unable to file the return within the prescribed time, then the delay is due to a reasonable cause. A failure to pay will be considered to be due to reasonable cause to the extent that the taxpayer has made a satisfactory showing that he exercised ordinary business care and prudence in providing for payment of his tax liability

4

No. 20-50994

and was nevertheless either unable to pay the tax or would suffer an undue hardship . . . if he paid on the due date.

26 C.F.R. § 301.6651-1(c)(1). The reasonable cause inquiry thus includes two questions—first, whether the taxpayer used ordinary business care and prudence, and second, whether he was nevertheless unable to pay the tax. *Id.*

In *Boyle*, the Supreme Court considered whether a taxpayer could avail himself of the reasonable cause exception to tax penalties where the taxpayer hired a lawyer who filed the taxes three months late. 469 U.S. at 243–44. The Court stated that while "[e]ngaging an attorney to assist in the probate proceedings is plainly an exercise of the 'ordinary business care and prudence' . . . that does not provide an answer to the question [of reasonable cause]." *Id.* at 250. Though taxpayers may entrust certain duties to their agents, "Congress has placed the burden of prompt filing on the executor, not on some agent or employee of the executor . . . . Congress intended to place upon the taxpayer an obligation to ascertain the statutory deadline and then to meet that deadline, except in a very narrow range of situations." *Id.* at 249–50.

Lindsay claims that he exercised ordinary business care and diligence by giving Bertelson his power of attorney and by directing Bertelson to file his income tax returns and to pay his taxes. Lindsay routinely asked Bertelson whether he was handling Lindsay's tax obligations, and Bertelson said that he was. In Lindsay's view, he has a reasonable cause for late filings and delayed payments because he used ordinary business care and prudence but was nevertheless unable to file his returns and pay his income taxes due to circumstances beyond his control, i.e., Bertelson's malfeasance.

Lindsay's position was rejected in *Boyle*. *Boyle* established that taxpayers have a non-delegable duty to promptly file and pay their taxes. 469 U.S. at 249–50. Unlike cases where taxpayers seek and detrimentally rely on

No. 20-50994

tax advice from experts, "one does not have to be a tax expert to know that tax returns have fixed filing dates and that taxes must be paid when they are due." *Id.* at 251. Lindsay's argument fails.

Lindsay next argues his circumstances fit the IRS's internal definition of reasonable cause.

> The Internal Revenue Service has articulated eight reasons for a late filing that it considers to constitute "reasonable cause." These reasons include unavoidable postal delays, the taxpayer's timely filing of a return with the wrong IRS office, the taxpayer's reliance on the erroneous advice of an IRS officer or employee, the death or serious illness of the taxpayer or a member of his immediate family, *the taxpayer's unavoidable absence*, destruction by casualty of the taxpayer's records or place of business, failure of the IRS to furnish the taxpayer with the necessary forms in a timely fashion, and the inability of an IRS representative to meet with the taxpayer when the taxpayer makes a timely visit to an IRS office in an attempt to secure information or aid in the preparation of a return. Internal Revenue Manual (CCH) § 4350, (24) ¶ 22.2(2) (Mar. 20, 1980) (Audit Technique Manual for Estate Tax Examiners).

*Boyle*, 469 U.S. at 243 n.1 (emphasis added). Lindsay points to his incarceration as an example of an unavoidable absence, but "the mere fact that [Lindsay] was incarcerated when his return was due is not reasonable cause for his failure to file timely." *George v. Comm'r*, T.C. Memo 2019-128, 2019 WL 4686285, at *3 (collecting cases)). "Nor is the unavailability of records generally reasonable cause for failure to file a timely return." *Id.* This argument fails as well.

Lindsay's final argument is that *Boyle* does not control in cases where a taxpayer is not "physically and mentally capable of knowing, remembering, and complying with a filing deadline." 469 U.S. at 253 (Breyer, J., concurring). He argues that his incarceration rendered him incapable of complying with his filing deadline, and he relies on *Brown v. United States*,

6

No. 20-50994

630 F. Supp. 57 (M.D. Tenn. 1985). In *Brown*, the district court concluded that *Boyle* did not govern the § 6651(a)(1) analysis where an elderly man entrusted his tax responsibilities to an attorney, the attorney became ill and filed the return late, and the elderly man was "incapable of meeting the criteria of ordinary business care and prudence" given his age, health, and lack of experience. *Id.* at 58, 60.

Even if we read *Boyle* and *Brown* as creating an exception to the reasonable cause rule, Lindsay was not incapable of meeting the filing and payment deadlines. Lindsay could have used ordinary business care and prudence to assure that his taxes were filed and paid, much like he conducted business and employed a CPA while incarcerated. Lindsay failed to act with such care, and we affirm the district court's dismissal accordingly.[2]

### B. Reasonable Cause under I.R.C. § 6654

Section 6654(a) imposes a penalty for underpayment of estimated quarterly taxes. Section 6654(e)(3)(B)(ii) waives the penalty where "underpayment was due to reasonable cause and not to willful neglect." For the reasons discussed above, Lindsay has failed to demonstrate reasonable cause.

### IV. CONCLUSION

For the aforementioned reasons, we AFFIRM the district court.

---

[2] Lindsay also contends that his agent's embezzlement incapacitated him, and he should be exempted from the reasonable cause standard under *Matter of American Biomaterials Corporation*, 954 F.2d 919 (3rd Cir. 1992). That case is distinguishable because unlike the company in *American Biomaterials*, Lindsay could have controlled his agent.