# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 29, 2022

Lyle W. Cayce
Clerk

No. 20-50769

WILLIAM BRENT REDDING; THOMAS PAUL LANDERS; GILBERT
ZAMORA,

*Plaintiffs—Appellants*,

*versus*

PATRICK SWANTON, *in his individual capacity*; STEVEN SCHWARTZ,
*in his individual capacity*; CHRISTOPHER FROST, *in his individual
capacity*; JEFFREY ROGERS, *in his individual capacity*; BRENT
STROMAN, *Chief of Police for the Waco Police Department*, *in his individual
capacity*; ABELINO REYNA, *Elected District Attorney for McLennan County,
Texas*, *in his individual capacity*; MANUEL CHAVEZ, *Waco Police
Department Detective*, *in his individual capacity*,

*Defendants—Appellees*,

Appeal from the United States District Court
for the Western District of Texas
USDC Nos. 1:17-CV-470; 1:17-CV-468;
1:17-CV-469; 1:16-CV-1153; 1:16-CV-1154

Before RICHMAN, *Chief Judge*, and CLEMENT and HIGGINSON, *Circuit
Judges*.

No. 20-50769

Stephen A. Higginson, *Circuit Judge*:*

The Plaintiffs-Appellants here are almost identically situated to the plaintiffs in this court's recent decision in *Wilson v. Stroman*, --- F.4th ----, No. 20-50367 (5th Cir. Apr. 28 2022). Like the plaintiffs in *Wilson*, the Plaintiffs-Appellants here were also arrested following the Twin Peaks shootout[1] pursuant to the same challenged form warrant affidavit, and they were subsequently indicted by a grand jury for the offense of Engaging in Organized Criminal Activity ("EIOCA") in violation of Texas Penal Code § 71.02. *See Wilson*, slip op. at 2. Their Fourth Amendment false arrest claims also suffered the same fate below: the district court dismissed the claims because it held the grand jury's indictment triggered the independent intermediary doctrine. *See id.* at 3. The district court also dismissed Plaintiffs-Appellants' First Amendment and Equal Protection claims.

We AFFIRM the district court's dismissal of Plaintiffs-Appellants' First Amendment and Equal Protection claims. We REVERSE the district court's decision dismissing the false arrest claims and REMAND for further proceedings consistent with this court's decision in *Wilson*.

I.

We review a district court's grant of a motion to dismiss de novo, accepting all well-pleaded facts as true and viewing them in the light most favorable to the plaintiffs. *Lindsay v. United States*, 4 F.4th 292, 294 (5th Cir. 2021).

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

[1] For background on the Twin Peaks incident, see *Terwilliger v. Reyna*, 4 F.4th 270, 277-79 (5th Cir. 2021).

No. 20-50769

Plaintiffs-Appellants appear to claim that their First Amendment rights were violated because they were allegedly arrested in retaliation for their association with a political group (i.e., their motorcycle clubs) and in retaliation for exercising their right to assemble and listen to political speech (i.e., participating in the meeting of the Texas Confederation of Clubs & Independents at the Twin Peaks restaurant). We agree with the district court that these conclusory claims fail.

Principally, Plaintiffs-Appellants fail to state a First Amendment retaliation claim because they fail to adequately allege that the defendants' "adverse actions were substantially motivated by . . . constitutionally protected [First Amendment] conduct." *Cass v. City of Abilene*, 814 F.3d 721, 729 (5th Cir. 2016). Assuming *arguendo* that the Plaintiff-Appellants were engaged in protected First Amendment activity, the only allegation supporting their assertion that the defendants arrested them in retaliation for such activity is the allegation that certain bikers who were members of Christian motorcycle clubs were not arrested even though they behaved similarly. And their only explanation for this alleged difference in treatment is the wholly conclusory allegation that the defendants approved of the Christian clubs, but not the Plaintiffs-Appellants' clubs. These allegations are insufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

Moreover, nowhere do Plaintiffs-Appellants allege that the defendants had any plan to arrest them prior to the occurrence of a shootout that left nine people dead, despite the defendants' alleged advance knowledge of the gathering. Regardless of the ultimate propriety of these arrests under the Fourth Amendment, Plaintiffs-Appellants have not plausibly alleged that the defendants were substantially motivated to arrest

No. 20-50769

them in retaliation for protected First Amendment activity rather than because of their proximity to an incident of mass violence. *See id.* at 680 (describing that a plaintiff's claims must cross the line "from conceivable to plausible" in order to survive the pleading stage (quoting *Twombly*, 550 U.S. at 570)).

Plaintiffs-Appellants' Equal Protection claim fails for similar reasons. This separate claim again relies on the alleged disparate treatment between them and members of the Christian motorcycle clubs. As just discussed, the allegation that defendants "favored" Christian clubs is wholly conclusory. Thus, Plaintiffs-Appellants' Equal Protection claim fails because, among other reasons, they fail to adequately allege that the defendants' decision to arrest them was motivated by a discriminatory purpose. *See Johnson v. Rodriguez*, 110 F.3d 299, 306-07 (5th Cir. 1997).

## II.

The district court below is the same court assigned to handle *Wilson*. And the portion of its order applying the independent intermediary doctrine to dismiss Plaintiffs-Appellants' Fourth Amendment false arrest claims is identical to its order that dismissed the *Wilson* plaintiffs' false arrest claims. It thus contains the same legal flaws identified by our court in *Wilson*. *See Wilson*, slip op. at 8-14. Thus, for the same reasons stated in *Wilson*, we REVERSE and REMAND the district court's decision applying the independent intermediary doctrine to dismiss the Plaintiffs-Appellants' Fourth Amendment false arrest claims. We note, however, that although we have remanded both this case and *Wilson* on equal footing, we make no comment on whether the district court should reach the same outcome with respect to both sets of consolidated cases on remand—it is possible that differences in individual pleadings may prove material in outcome. *See id.* at 17.

No. 20-50769

\*     \*     \*

We AFFIRM in part, REVERSE in part, and REMAND for further proceedings consistent with this opinion and consistent with this court's decision in *Wilson*.