RANDY G. HARBOUR, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Harbour v. Commissioner
Docket No. 22679-90[1]
United States Tax Court
T.C. Memo 1991-532; 1991 Tax Ct. Memo LEXIS 581; 62 T.C.M. (CCH) 1083; T.C.M. (RIA) 91532; October 28, 1991, Filed *581 Decision will be entered for the respondent, except as to additions to tax for 1983 under sections 6651(a)(1), 6653(a)(1) and 6653(a)(2).
Joyce Rebhun, for the petitioner. Steven Roth, for the respondent. NAMEROFF, Special Trial Judge. NAMEROFF
MEMORANDUM FINDINGS OF FACT AND OPINION This case was heard pursuant to the provisions of section 7443A(b) and Rule 180 et seq. [2] Respondent determined deficiencies in income tax and additions to tax for the taxable years 1983 and 1984 as follows: Taxable
Additions to Tax Sections
Year
Deficiency
6651(a)(1)
6653(a)(1)
6653(a)(1)
6654
1983
$ 2,689.00
$ 494.75
$ 134.45 *
$ 110.00
1984
4,417.00
1,104.25
220.85 **
278.00
Petitioner has conceded liability for the deficiencies, *582 but contests his liability for the additions to tax. Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by this reference. At the time of the filing of the petition herein, petitioner resided in Ontario, California. Petitioner and his wife Mary Elizabeth were married on June 5, 1985. In 1983, petitioner received income as follows:
California income tax refund
$ 136.00
California Employment Development
Department (unemployment compensation)
4,184.00
International Fitness Consultants, Inc.
(Form 1099)
510.00
Ray Wilson (Form 1099)
3,700.00
Family Fitness Management, Inc. (wages)
8,204.00
MCP Management
1,060.00
In 1984, petitioner received income as follows:
California Employment Development
Department (unemployment compensation)
$ 4,688.00
Family Fitness Management, Inc. (wages)
8,304.00
International Fitness Consultants, Inc.
(Form 1099)
500.00
Family Fitness Management, Inc. (Form 1099)
5,327.00
Ray Wilson (Form 1099)
3,000.00
Ray Wilson is petitioner's uncle. As far as the Court can tell from this record, Ray Wilson operated the fitness centers International Fitness Consultants, *583 Inc. and Family Fitness Management, Inc. The record does not describe MCP Management. In 1983, petitioner was 28 years old. On March 24, 1984, petitioner was admitted to Sharp Cabrillo's Hospital Alcohol and Drug Treatment Center with a diagnosis of unspecified substance delirium. He was discharged on April 14, 1984. At that time, his doctor believed that petitioner showed a positive attitude to remain chemically free and continue a productive life in society. On June 12, 1986, petitioner was admitted to Placentia Linda Community Hospital. He was in a drug-induced coma in which he remained for several days. When he ultimately regained consciousness he had absolutely no memory. With care and treatment, he was able to relearn to speak, read, write, etc. Eventually he resumed his role as husband and father and attempted to live a normal law abiding life. He never did regain any memory of events which occurred prior to recovering from the coma. Based on these facts, petitioner contends that he should not be liable for the additions to tax determined in the notice of deficiency. Preliminarily, we must deal with hearsay objections reserved by respondent in the stipulation of *584 facts to three exhibits. Exhibits 4D and 5E are hospital records of the Placentia Linda Community Hospital. We conclude that these exhibits are admissible as business records under Rule 803(6) of the Federal Rules of Evidence (FRE). The third document, Exhibit 3C, is a letter from petitioner's doctor dated August 16, 1991, setting forth facts with regard to 1984 concerning petitioner's hospitalization and the doctor's opinion as to petitioner's then medical condition. Under the circumstances of this case, we conclude that the letter meets the exceptions set forth in FRE 803(24). Accordingly, respondent's objection is overruled. In his notice of deficiency, respondent determined additions to tax under section 6651(a)(1) for petitioner's failure to timely file tax returns for 1983 and 1984, and under section 6653(a)(1) and (2) for negligent or intentional disregard of rules and regulations for 1983 and 1984. Petitioner bears the burden of proof on both of these issues. See Bixby v. Commissioner, 58 T.C. 757, 791 (1972); Fischer v. Commissioner, 50 T.C. 164, 177 (1968); Rule 142(a). Section 6651(a)(1) provides for an addition to tax for *585 failure to timely file a return unless such failure was due to reasonable cause and not due to willful neglect. The evidence shows that petitioner was able to work and earn wages and other income in the amounts set forth above in 1983 and 1984. However, petitioner was incapacitated between March 24, 1984 and April 14, 1984, and most likely for a period of time prior thereto. We conclude that such incapacity was reasonable cause for petitioner's failure to file a timely 1983 tax return. Accordingly, for 1983 we hold that petitioner is not liable for the addition to tax for delinquency. On the other hand, there is no evidence that petitioner was similarly physically incapacitated so as to prevent the timely filing of his 1984 return. For example, the record does not show the periods of time when he was not working, and receiving unemployment compensation, nor does it indicate petitioner's reasons were for not being employed during those periods. On June 5, 1985, petitioner married his wife, and, in the absence of any contrary evidence, we presume that there was a fairly normal courtship period. Had there been a chemical dependency problem during that courtship period, certainly *586 Mrs. Harbour would have been able to testify to the same. Thus, there is no evidence in the record as to petitioner's condition in the spring of 1985. The bulk of the evidence in this case centered around petitioner's physical condition in 1986, long after the due date of the 1984 tax return. We are sympathetic with the fact that petitioner has no memory of events prior to the time of the drug-induced coma. However, that should not have prevented petitioner and his counsel from obtaining evidence from third parties as to his 1985 medical condition, if relevant. Petitioner's wife testified as to petitioner's condition in 1986, but neither party asked her questions with regard to his 1985 condition. Accordingly, we are unable to conclude that there was reasonable cause for petitioner not to file his 1984 return on or before April 15, 1985. Respondent's determination of the addition to tax under section 6651(a)(1) for 1984 is sustained. We now consider the additions to tax for negligence. This Court has held that the delinquent filing of tax returns without reasonable cause presents a prima facie case of negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), *587 affd. 898 F.2d 50 (5th Cir. 1990). Certainly, the same presumption would apply when no returns are filed. Petitioner has proven that there was reasonable cause for the delinquency for 1983. On this record, we conclude that he is not liable for the additions to tax for negligence for 1983. However, we have concluded that there is no evidence of reasonable cause for the 1984 delinquency. Therefore, we hold that petitioner is liable for the additions to tax for negligence for 1984. Section 6654(a) imposes an addition to tax for failure to pay estimated income tax. For 1983 and 1984, this addition to tax is mandatory unless a taxpayer is able to qualify under the specific computational exceptions set forth in section 6654(d). Grosshandler v. Commissioner, 75 T.C. 1, 20-21 (1980). Reasonable cause and lack of willful neglect are not defenses to this addition to tax for the years involved. Petitioner has not shown that he comes within any of the exceptions. Accordingly, respondent is sustained on this issue. To reflect the above, Decision will be entered for the respondent, except as to additions to tax for 1983 under sections 6651(a)(1), *588 6653(a)(1) and 6653(a)(2). Footnotes
1. Prior to trial, the Court granted petitioner's motion, with no objection from respondent, to remove this case from the small tax case classification. Respondent timely filed his Answer to the petition.↩
2. All section references are to the Internal Revenue Code as amended and in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure. * 50% of the interest due on $ 1,979.00 ** 50% of the interest due on $ 4,417.00↩