David A. SULLIVAN, Petitioner–
Appellant,

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent–
Appellee.**

No. 452, Docket 92–4076.

United States Court of Appeals,
Second Circuit.

Argued Nov. 19, 1992.
Decided Feb. 11, 1993.

Patrick J. Murphy, New York City (Murphy & O'Connell, Kathleen M. O'Connell, of counsel), for petitioner-appellant.

Randolph L. Hutter, Atty., Tax Div., Dept. of Justice, Washington, DC (James A. Bruton, Acting Asst. Atty. Gen., Gary R. Allen, Atty., Tax Div., of counsel), for respondent-appellee.

Before: PRATT and ALTIMARI, Circuit Judges, and GERALD W. HEANEY, Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

GEORGE C. PRATT, Circuit Judge:

Petitioner David A. Sullivan appeals from a decision of the United States Tax Court, Joel Gerber, *Judge*, that charged him with an income tax deficiency of $26,547 for 1983, plus additions to tax under 26 U.S.C. §§ 6651 (failure to file tax return), 6653(a)(1) & (2) (negligent underpayment of tax), and 6661 (substantial underpayment of tax) (1982). The commissioner agrees that the tax court erred in imposing additions to tax under §§ 6651, 6653(a)(2) and 6661; consequently, those determinations are vacated, and this opinion is concerned only with whether Sullivan filed a return in 1983 and with the addition to tax under § 6653(a)(1).

## BACKGROUND

We assume familiarity with the facts as set forth in the tax court's Memorandum Findings of Fact and Opinion filed September 30, 1991, and its Decision entered October 4, 1991, reported at 62 T.C.M. (CCH) 903 (1991). Most of the facts are uncontested. In 1988, the Internal Revenue Service ("IRS"), claiming to be unable to find in its records at its service center in Holtsville, Long Island, a 1983 income tax return for David A. Sullivan, issued to him a notice of deficiency.

The notice listed Sullivan's 1983 gross income at $75,148. After subtracting an allowable tax exemption of $1,000, IRS calculated Sullivan's taxable income to be $74,148, and his correct tax to be $26,547. IRS also imposed additions to tax in the amount of $1,398 under § 6651, $1,327 under § 6653(a)(1) and (2) and $6,636.75 under § 6661, and it allowed a credit for taxes withheld by Sullivan's employer, International Business Machines ("IBM") in the amount of $20,957.

In response to the notice of deficiency, Sullivan claimed that he had filed a timely 1983 tax return. Nevertheless, he prepared and filed a reconstructed return in 1988, showing a gross income of $74,851, deductions of $10,424, an exemption of $1,000, and a refund due to him of $6,725.

IRS was not convinced, so Sullivan timely appealed to the tax court for an order redetermining the notice of deficiency issued by the commissioner.

The tax court held that (1) Sullivan did not file a federal income tax return for the year 1983, (2) his tax due for 1983 was $26,547, and (3) he was liable for additions to tax in the amounts of $1,397.50 under § 6651, $1,327.35 under § 6653(a)(1), 50 percent of the interest due on $26,547 under § 6653(a)(2), and $6,636.75 under § 6661.

On appeal to this court, Sullivan claims (1) that the tax court's findings that he did not file a timely 1983 tax return and that $26,547 in taxes was due for 1983 are clearly erroneous, and (2) that all of the other additions to tax found by the tax court are improper.

## DISCUSSION

### A. *Failure to File.*

The burden of proof is on the taxpayer to show that he filed a tax return. *Rules of Practice for the U.S. Tax Court*, Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115, 54 S.Ct. 8, 9, 78 L.Ed. 212 (1933).

While Sullivan contends that he filed a return for 1983, he did not produce at trial a copy of the return or any other documentary evidence of its existence. He offered no details to corroborate the preparation, mailing, receipt, or even existence of a 1983 return. IRS has insisted from the beginning that it has no record of his having filed a 1983 tax return at the Holtsville, New York service center. At oral argument Sullivan asserted that in 1983 his residence was in Houston, Texas and not in the northeastern district served by the Holtsville service center. Strangely, IRS had never checked its Texas service center to see if Sullivan had filed there. The court requested counsel to have IRS do so and to report back to the court. After oral argument, IRS advised us, by letter dated December 30, 1992, that it had searched its Texas files and still found no return for Sullivan. On this record, the tax court's finding that Sullivan failed to file a 1983 tax return was not clearly erroneous. *See C.I.R. v. Duberstein*, 363 U.S. 278, 291, 80 S.Ct. 1190, 1200, 4 L.Ed.2d 1218 (1960) (tax court decision must be affirmed unless its findings of fact are clearly erroneous).

### B. *Five–Percent Addition to Tax under § 6653(a)(1).*

■ We affirm the tax court's finding that Sullivan is liable for an addition to tax under § 6653(a)(1), essentially for the reasons stated in the tax court's Memorandum Findings of Fact and Opinion. Only a little more needs to be said.

The only addition to tax in issue on the appeal is the one assessed under 26 U.S.C. § 6653(a)(1) which provides in relevant part:

(a) Negligence * * *.
(1) In general.—If any part of any *underpayment* * * * is due to negligence or intentional disregard of rules or regulations (but without intent to defraud), there shall be added to the tax an amount equal to 5 percent of the *underpayment*. (emphasis added)

An "underpayment" is defined as:

[A] deficiency as defined in that section [6211] (except that, for this purpose, the tax shown on a return referred to in section 6211(a)(1)(A) shall be taken into account *only if such return was filed on or before the last day prescribed for the filing of such return*, determined with regard to any extension of time for such filing) * * *.

26 U.S.C. § 6653(c)(1) (emphasis added).

Sullivan argues against the addition to tax under § 6653(a)(1), claiming that there was no "underpayment" because he timely filed his tax return and his withholdings exceeded the tax due. As already noted, however, Sullivan failed to meet his burden of showing that he filed a timely return, so "the tax shown on a return referred to in section 6211(a)(1)(A)", i.e., the amount of withholdings credited to Sullivan, may not be factored into the calculations. As defined in the code, an "underpayment" equals a "deficiency"; but when the return is late, the "deficiency", and therefore the "underpayment", equals the amount of tax due without regard to any withholdings. 26 U.S.C. § 6653(c), referring to §§ 6211(a)(1)(A) and (b)(1), in turn referring to § 31. *See* § 301.6211(a), Proced. & Admin.Regs; *Laing v. United States*, 423 U.S. 161, 174, 96 S.Ct. 473, 481, 46 L.Ed.2d 416 (1976); *See also Emmons v. C.I.R.*, 92 T.C. 342, 348 (1989).

While the commissioner stipulated in the tax court that there was no "deficiency due", the stipulation referred to the numerical difference between the tax actually due less withholdings, and was not intended to refer to the technical "deficiency", and therefore "underpayment", that determines liability for an addition to tax under § 6653(a)(1), a determination which by definition excludes consideration of withholdings.

### C. *Sullivan's Tax Liability.*

■ In order to resolve this case, the correct tax owed by Sullivan for 1983 must be determined. Once that figure is fixed, Sullivan's tax liability for 1983, including the five-percent addition to tax under § 6653(a)(1) plus any accrued interest, can be calculated.

We are unable to fathom why the tax court determined Sullivan's tax liability at $26,547, the amount originally fixed by the commissioner in the notice of deficiency. Sullivan contends that the correct tax is $19,822 as shown on his late-filed, reconstructed 1983 return. The commissioner claims that Sullivan's correct tax liability is $20,957, which is the amount withheld by IBM for the tax year 1983. In its Memorandum Findings of Fact and Opinion, the tax court did not explain how it chose the $26,547; and at one point it inconsistently stated that Sullivan's "tax liability was no greater than the amount withheld during that year by his employer" ($20,957). In short, the tax court's determination that the tax liability was $26,547 was clearly erroneous and must be vacated.

### SUMMARY

We reverse, with the commissioner's agreement, that part of the tax court's decision that found Sullivan liable for additions to tax under 26 U.S.C. §§ 6651, 6653(a)(2) and 6661. We affirm its finding that Sullivan must pay a five-percent addition to tax under 26 U.S.C. § 6653(a)(1), and we remand for a determination of Sullivan's correct tax liability for 1983, and for a calculation of the five-percent addition to tax under 26 U.S.C. § 6653(a)(1), based on whatever "correct tax" is determined.