Skye **BASSETT**, Petitioner–Appellant,

v.

**COMMISSIONER OF INTERNAL REVENUE**, Respondent–Appellee.

No. 1158, Docket 93–4271.

United States Court of Appeals, Second Circuit.

Argued March 23, 1995.

Decided Oct. 2, 1995.

Andrew P. Fradkin, Roseland, New Jersey (Goldman, Jacobson, Kramer, Fradkin & Starr, Roseland, New Jersey, on the brief), for Petitioner–Appellant.

S. Robert Lyons, Attorney, Tax Division, Department of Justice, Washington, DC (Loretta C. Argrett, Assistant Attorney General, Gary R. Allen, David English Carmack, Attorneys, Tax Division, Department of Justice, Washington, DC, on the brief), for Respondent–Appellee.

Before: LUMBARD, KEARSE, and LEVAL, Circuit Judges.

KEARSE, Circuit Judge:

Petitioner Skye Bassett appeals from so much of a final judgment of the United States Tax Court, John O. Colvin, *Judge,* as found her liable for certain tax penalties under 26 U.S.C. § 6651(a) (1982) and 26 U.S.C. § 6653(a) (1982 & Supp. IV 1986), as a result of her parents' failure to file timely income tax returns on her behalf for the years 1985, 1986, and 1987, when she was a child. The tax court found that Bassett's parents were required to file returns for her, that they were negligent in failing to do so, and that Bassett was liable for that failure. On appeal, Bassett contends that her youth and ignorance at the time the returns should have been filed constitutes reasonable cause that should excuse her from the penalties for her parents' negligence. For the reasons that follow, we affirm.

## I. BACKGROUND

Most of the facts, set out in a stipulation between the parties, are not in dispute. During the period 1985–1987, Bassett, then 11–14 years of age, was employed as a professional actress, performing in, *inter alia,* a Broadway play on tour, two made-for-television movies, and several episodes of a television series. Her gross income was $28,643 in 1985, $56,262 in 1986, and $21,829 in 1987; with respect to these earnings, she was liable for $5,218, $15,503, and $3,043, respectively, in income taxes.

Bassett lived with her parents in New York City, and her employers sent Forms W-2 for 1985, 1986, and 1987 to her New York City residence. Bassett did not file income tax returns for those years; she did not know that returns were required to be filed on her behalf, and because of her youth she did not have the legal capacity to file the returns. Bassett's parents were aware that she was earning income from acting, but they did not file tax returns for her for any of the years in question.

In November 1990, the Commissioner of Internal Revenue ("Commissioner") issued notices of deficiency to Bassett for each of the years 1985, 1986, and 1987. The Commissioner sought payment of the taxes due plus, *inter alia,* additional amounts (a) under 26 U.S.C. § 6651(a) as penalties for lateness ($1,149, $3,767, and $761, respectively), and (b) under 26 U.S.C. § 6653(a), as penalties for negligence ($261, $775, and $152, respectively, plus 50 percent of the interest due on each underpayment). Bassett commenced the present action by petition to the tax court for redetermination, contending, *inter alia,* that her failure to file returns was due to reasonable cause and not her willful neglect, and hence that she should not be required to pay these additions.

After trial, the tax court, in a decision reported at 100 T.C. 650, 1993 WL 232466 (1993), ruled that Bassett was liable for the additions to tax. Noting that under New York law, the parents of a child are the child's legal guardians, and that under 26 U.S.C. § 6012(b)(2) (Supp. III 1985), the guardian of a person unable to file a return has the responsibility to file the return, the court concluded that Bassett's parents were required to file her tax returns. The court also concluded that Bassett's parents had not demonstrated reasonable cause for failing to file Bassett's returns. It found that her parents were capable individuals who had filed their own returns in the past, that they knew Bassett had earned substantial income during the years at issue and indeed had "actively helped [Bassett] earn money from acting," 100 T.C. at 662, but that they had negligently done nothing to investigate whether she incurred tax liability on that income. The court concluded that Bassett's parents had "totally failed in their responsibility to consider her tax obligations." *Id.* The court rejected Bassett's contention that her own youth constituted reasonable cause for the failure to file the returns.

## II. DISCUSSION

On appeal, Bassett does not dispute the tax court's rulings that her parents did not have reasonable cause for failing to file her tax returns and that they were negligent in failing to do so. Instead she contends principally (1) that the lateness penalty provided in § 6651(a) should not be imposed where the taxpayer herself has reasonable cause for failing to file timely returns and that her

youth constituted reasonable cause, and (2) that the negligence penalty provided in § 6653(a) should not be imposed where the negligence was that of the taxpayer's guardians, and not the taxpayer. We are unpersuaded.

The Internal Revenue Code ("Code") provides that, with certain exceptions not pertinent here, every individual who, for the tax year, has gross income equaling or exceeding the amount of the personal exemption is required to file an income tax return. 26 U.S.C. § 6012(a)(1)(A) (1982 & Supp. IV 1986). Section 6012 also provides that "[i]f an individual is unable to make a return required under subsection (a), the return of such individual shall be made by a duly authorized agent, his committee, guardian, fiduciary or other person charged with the care of the person or property of such individual." *Id.* § 6012(b)(2); *see also* 26 C.F.R. § 1.6012–3(b)(3) (1985) ("A fiduciary acting as the guardian of a minor ... must make the return of income required in respect of such person unless ... the minor himself makes the return or causes it to be made.").

■ The Code imposes monetary penalties for failures to comply with § 6012. For the failure to file a return by the proper time, § 6651 provides for an addition to tax unless the taxpayer can show that that failure was the result of "reasonable cause" and not willful neglect. That section provides, in pertinent part, that

[i]n case of failure—

(1) to file any [required] return ... on the date prescribed therefor ... unless it is shown that such failure is due to reasonable cause and not due to willful neglect, [a percentage of the amount of such tax] shall be added to the amount required to be shown as tax on such return.

26 U.S.C. § 6651(a)(1). To demonstrate reasonable cause, a taxpayer who has failed to meet her obligation to file a timely return must show that she exercised ordinary business care and prudence but was nonetheless unable to file the return within the prescribed time. *See, e.g.,* 26 C.F.R. § 301.6651–1(c)(1) (1985); *United States v. Boyle,* 469 U.S. 241, 252, 105 S.Ct. 687, 693, 83 L.Ed.2d 622 (1985).

During the years at issue, the Code also provided for an additional penalty if the failure to file a timely return was "due to negligence." 26 U.S.C. § 6653(a) ("If any part of any underpayment ... is due to negligence," a percentage of the underpayment "shall be added to the tax."); *see Sullivan v. Commissioner of Internal Revenue,* 985 F.2d 704, 706 (2d Cir.1993). Negligence has been defined as the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. *See Goldman v. Commissioner of Internal Revenue,* 39 F.3d 402, 407 (2d Cir.1994).

Neither § 6651 nor § 6653 specifies *whose* reasonable care or *whose* lack of negligence will excuse the taxpayer from the prescribed penalties. The lack of specificity suggests that, when a person other than the taxpayer has the legal obligation to file the return, Congress did not intend the focus to be solely on the degree of care exercised by the taxpayer herself; had Congress so intended, it would have been a simple enough matter to insert "by the taxpayer" after "neglect" in § 6651 and after "negligence" in § 6653. The most reasonable reading of the language enacted is that the negligence inquiry should focus on the person who had the statutory duty to file. Since § 6012 provides that if the taxpayer herself is unable to file the required return, the return must be filed by the taxpayer's guardian, *see* 26 U.S.C. § 6012(b)(2), and since §§ 6651 and 6653 do not confine the neglect and negligence inquiries to the conduct of the taxpayer, we conclude that the tax court properly ruled that the applicability of the penalties provided by §§ 6651 and 6653 hinges here on the conduct of Bassett's guardians.

■ Bassett, in contending that the penalties should not be imposed against her because she, by reason of her youth, was unable to file timely returns, relies on rulings in two tax court cases and dictum in a United States Supreme Court case. In *Harbour v. Commissioner of Internal Revenue,* 62 T.C.M. (CCH) 1083, 1991 WL 216399 (1991), and *Jones v. Commissioner of Internal Revenue,* 56 T.C.M. (CCH) 724, 1988 WL 125569 (1988), the tax court held that the illness or

incapacity of the respective taxpayers constituted reasonable cause where the taxpayers were unable to file as a result. In *United States v. Boyle*, 469 U.S. at 252, 105 S.Ct. at 693, the Supreme Court, while holding that a taxpayer's reliance on an agent such as an attorney or an accountant does not constitute reasonable cause, also stated that

> [t]he principle underlying the IRS regulations and practices—that a taxpayer should not be penalized for circumstances beyond his control—already recognizes a range of exceptions which there is no reason for us to pass on today. This principle might well cover a filing default by a taxpayer who relied on an attorney or accountant because the taxpayer was, for some reason, incapable by objective standards of meeting the criteria of 'ordinary business care and prudence.' In that situation, however, the disability alone could well be an acceptable excuse for a late filing.

*Id.* at 248 n. 6, 105 S.Ct. at 692 n. 6. These cases are not controlling in the present action, for in all of them the duty to file rested on the taxpayer; in none of them did the taxpayer have a guardian on whom that duty was imposed. If it is the legal responsibility of the taxpayer to file her own return and she is unable to do so, her inability may well constitute reasonable cause. However, where the duty to file the return is imposed on the guardian charged with the care of the taxpayer's property, and not on the taxpayer, the inability of the taxpayer is not controlling, and the applicability of additions to tax depends on whether or not there was a lack of good cause and due care on the part of the guardian.

We also reject Bassett's contention that the Commissioner should not be allowed to collect the penalties from her because he is authorized to collect them from her parents. She relies on a section of the Code which provides that income taxes "assessed against a child, to the extent attributable to amounts includible in the gross income of the child, and not of the parent, ... shall, if not paid by the child, for all purposes be considered as having also been properly assessed against the parent." 26 U.S.C. § 6201(c) (1982). Section 6201(c), however, neither imposes the penalties directly on the parent nor suggests that the child herself is not liable. The child's liability is established, in the present case, by §§ 6651(a) and 6653(a), whose terms indicate that the additions to tax are to be assessed against the taxpayer. *See* 26 U.S.C. § 6651(a) (penalty for failure to file timely return "shall be added to the amount required to be shown as tax on such return"); *id.* § 6653(a) (penalty for negligence "shall be added to the tax"); *see also United States v. Boyle*, 469 U.S. at 252, 105 S.Ct. at 693 (addition to tax for executor's failure to timely file was properly imposed on estate itself). Where Congress intended to impose a penalty directly against a person other than the taxpayer, it has done so explicitly. *See, e.g.*, 26 U.S.C. § 7269 (1988) (imposing a $500 penalty on an executor for, *inter alia*, failure to timely file estate tax return as required by § 6075(a)).

Thus, the penalties provided by §§ 6651(a) and 6653(a) were properly assessed against Bassett. Section 6201(c) does not relieve her of liability for those penalties but merely makes her parents secondarily liable to the government in case she does not pay.

Perhaps under state law, Bassett herself may be able to collect from her parents for any penalty imposed on her by reason of their omissions.

### CONCLUSION

We have considered all of Bassett's arguments on this appeal and find in them no basis for reversal. The decision of the tax court is affirmed.

LEVAL, Circuit Judge, dissenting:

The statutes in question penalize taxpayers for failure to file returns in a timely manner due to "wilful neglect," 26 U.S.C. § 6651(a)(1), or "negligence," 26 U.S.C. § 6653(a). The question we face on this appeal is whose neglect or negligence causes the inflicting of statutory penalties on the taxpayer. To my mind, the natural inference suggested by this language is that it refers to the neglect or negligence of the taxpayer.

A rule calling for the imposition of penalties by reason of misconduct would seem, giving words their most likely significance, to intend to impose the penalties on the person who committed the misconduct. To the extent that a statutory formulation visits penalties on a "taxpayer" by reason of misconduct, its reference to the misconduct justifying punishment seems most reasonably to refer to the misconduct of the taxpayer who will bear the punishment. For prudential reasons and in the application of conventional notions of derivative responsibility, the law extends a taxpayer's responsibility to include, under appropriate circumstances, the misconduct of persons chosen by the taxpayer to act on the taxpayer's behalf. *See United States v. Boyle*, 469 U.S. 241, 249–50, 105 S.Ct. 687, 691–92, 83 L.Ed.2d 622 (1985). I can see little reason, however, to construe this language as intending to impose penalties on the taxpayer by reason of the misconduct of persons who are neither the taxpayer, nor the taxpayer's chosen representatives.

My colleagues argue that Congress's "lack of specificity [as to whose negligence will cause imposition of penalties on the taxpayers] suggests that, when a person other than the taxpayer has the legal obligation to file the return, Congress did not intend the focus to be solely on [the taxpayer] ...; had Congress so intended, it would have been a simple enough matter to insert 'by the taxpayer' after 'neglect' in § 6651 and after 'negligence' in § 6653." *Supra*, at 31. In the absence of such a restriction, the majority argues that the "most reasonable" reading of these statutes imposes penalties on the taxpayer by reason of the neglect of any person with a duty to file on a taxpayer's behalf, regardless of whether the taxpayer chose such person to act for her, regardless of whether she exercised any control over the person, and regardless of whether she realized any benefit from such person's failure to file.

This argument proves too much. If inferences are to be drawn from congressional silence, why stop there? As Congress failed to specify *any* restriction on whose negligence might cause penalties for the taxpayer, it could be no less sensibly argued that Congress intended to impose penalties on the taxpayer when *anyone's* neglect results in the taxpayer's failure to file. The formulation of the majority's argument could equally suggest an inference, based on this lack of specificity, that "Congress did not intend the focus to be solely on" the person having the legal obligation to file; "had Congress so intended, it would have been a simple enough matter to insert" that limitation. *Supra*, at 31. Courts have for good reason not so interpreted the statute. Where, for example, failure to file results from the neglect of the postal service, neither courts nor the I.R.S. have construed the statute to impose penalties on the taxpayer. *See Ferguson v. Comm'r of Internal Revenue*, 14 T.C. 846, 850, 1950 WL 190 (1950) (construing parallel tax code provision); *United States v. Boyle*, 469 U.S. 241, 243 n. 1, 105 S.Ct. 687, 689 n. 1, 83 L.Ed.2d 622 (1985) (describing I.R.S. interpretation). I cannot read Congress's silence to communicate the message the majority finds in it.

The majority's opinion also stands in opposition to the Supreme Court's suggestion in *Boyle* that an incompetent "might well" not be subject to penalties for a filing default caused by the negligence of an attorney or accountant since this would violate "[t]he principle underlying the IRS regulations and practices—that a taxpayer should not be penalized for circumstances beyond his control." *Boyle*, 469 U.S. at 248 n. 6, 105 S.Ct. at 692 n. 6; *see also id.* at 253, 105 S.Ct. at 693–94 (Brennan, *J.*, concurring) (arguing that incompetent taxpayers should not be penalized under § 6651 for failure to exercise "ordinary business care and prudence").

The question before us involves an infant who has no legal competence. I see no reason why such an infant (or incompetent) should suffer penalties premised on the negligence of a parent or legal guardian who fails to file the tax returns that were due.

The government argues that the imposition of penalties on child taxpayers under those statutes is necessary to induce the parents to exercise care to file on their chil-

dren's behalf.[1] This assumes that parents act in pursuit of their children's best interests, and that it is the child who benefitted from the parents' failure to perform the child's taxpaying obligation. If this were the norm of human behavior, the government's argument might make practical sense. Fear of the infliction of penalties on the child might impel parents to perform the child's taxpaying obligations.

Although, without doubt, some parents are so motivated, there are many who exploit their children. In some cases, the failure of the parents to file the child's tax return is because the parents are misappropriating the child's income[2] and have no desire to share the fruits of the child's labor with the Treasury. A parent's failure to pay taxes may not have enriched the child, but rather the parent, who has wrongfully taken the child's money. For the child then to be again punished by the I.R.S. for the parent's failure to fulfill the child's tax obligations would be grossly inequitable.

No doubt Congress has the power to impose such a penalty. But, as the majority recognizes, the provisions of § 6651 and § 6653 "lack ... specificity." Neither statute "specifies *whose* reasonable care or *whose* lack of negligence will excuse the taxpayer from the prescribed penalties." *Supra*, at 31. The Supreme Court has repeatedly stated that ambiguities in the penalty provisions of tax statutes are to be strictly construed against the government. *See Commissioner of Internal Revenue v. Acker*, 361 U.S. 87, 91, 80 S.Ct. 144, 147, 4 L.Ed.2d 127 (1959) ("[O]ne is not to be subjected to a penalty unless the words of the statute plainly impose it....") (internal quotation marks omitted); *Ivan Allen Co. v. United States*, 422 U.S. 617, 626, 95 S.Ct. 2501, 2506, 45 L.Ed.2d 435 (1975) (strict construction of

penalty aimed at taxable income accumulated in corporate entities); *see also Haberern v. Kaupp Vascular Surgeons Ltd.*, 24 F.3d 1491, 1505 (3d Cir.1994) (strictly construing penalty provisions of ERISA), *cert. denied*, ―― U.S. ――, 115 S.Ct. 1099, 130 L.Ed.2d 1067 (1995); *Bradley v. United States*, 817 F.2d 1400, 1402–03 (9th Cir.1987). The majority has done exactly the opposite, construing an ambiguous tax penalty provision against the interests of the taxpayer to hold an incompetent infant responsible for errors that she did not commit.

I would expect that so illogical and potentially unfair a result would need to be clearly required by the Act of Congress. In my reading of this statute, there is no such clear statement and therefore no such penalty.

I respectfully dissent.

---

1. If it is true, as the government's brief suggests, that under present law, the I.R.S. can pursue the parents for the penalty, this contradicts the government's argument. If the present law does not permit such recourse, the I.R.S. is free to seek legislation imposing penalties on the person charged with the duty to file the return.

2. Indeed, at common law parents are entitled to the fruits of their children's labors, and may use

these funds for any purpose whatsoever so long as the children are properly maintained. *See In re Laponzina*, 116 N.Y.S.2d 750, 751 (N.Y.Surrog.Ct.1952) (parent entitled to child's earnings despite fact that "father exploited the infant" by using child's money to purchase car for father's personal use); *Cole v. Jaeger*, 80 N.Y.S.2d 92, 93 (N.Y.Sup.Ct.1947), *aff'd*, 273 A.D. 911, 78 N.Y.S.2d 381 (1948), *leave to appeal and reargue denied*, 273 A.D. 1008, 79 N.Y.S.2d 519 (1948).