T.C. Memo. 2005-168


UNITED STATES TAX COURT



GLENN S. HODGES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 8582-03.               Filed July 11, 2005.


     P filed no income tax return for 2000, and R
determined a deficiency in tax and additions to tax on
account thereof.  P disputes his obligation to file an
income tax return and pay tax on constitutional
grounds, disputes R's disallowance of basis in various
securities sold by P, and challenges the additions to
tax.

     1.  Held:  P's claim that he has no obligation to
file a tax return and pay tax is without merit.

     2.  Held, further, P has failed to prove that his
basis in any of the securities is greater than zero.

     3.  Held, further, P is liable for an addition to
tax under sec. 6651(a)(1), I.R.C., for failure to file
a return.

4.  Held, further, P is liable for an addition to tax under sec. 6654, I.R.C., for failure to pay estimated tax.

5.  Held, further, P is penalized $15,000 under sec. 6673(a)(1), I.R.C., because his position in this proceeding is frivolous.


Glenn S. Hodges, pro se.

John W. Sheffield III, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION


HALPERN, Judge:  By notice of deficiency dated March 4, 2003, respondent determined a deficiency in petitioner's 2000 Federal income tax of $84,014 and additions to tax of $18,903, $7,561, and $4,519, under sections 6651(a)(1) and (2) and 6654(a), respectively.  Petitioner assigns error to all of those determinations.  By the answer, respondent concedes the addition to tax determined under section 6651(a)(2) and claims an increase in the addition to tax determined under section 6651(a)(1) of $2,100 (for a total addition under that section of $21,003).  Taking into account certain concessions made by petitioner, the issues remaining for decision are (1) petitioner's constitutional challenge to the income tax, (2) petitioner's gain, if any, from certain sales of securities, (3) the additions to tax, and (4) our imposition of a penalty upon petitioner under section 6673.

Unless otherwise indicated, all section references are to the Internal Revenue Code of 1986, as amended, and all Rule references are to the Tax Court Rules of Practice and Procedure.

For convenience, monetary amounts have been rounded to the nearest dollar amount.

FINDINGS OF FACT

Some facts are stipulated and are so found. The stipulation of facts, with accompanying exhibits, is incorporated herein by this reference. At the time he filed the petition, petitioner resided in Duluth, Georgia.

Petitioner did not file a Form 1040, U.S. Individual Income Tax Return (tax return), for 2000, nor did he file any tax return from 1996 through 2003. He did file tax returns from 1971 to 1995.

During 2000, petitioner received proceeds of $225,390 from the sale of securities (the securities) as follows:

| Date of Sale | Security Sold | Proceeds |
|---|---|---|
| Unknown | SBC Communications Inc. | $43 |
| 02/04/00 | AT&T Corp. | 51,623 |
| 10/03/00 | Avaya Inc. | 32 |
| 02/01/00 | AT&T Corp. | 49,686 |
| 07/25/00 | AT&T Corp. | 31 |
| 12/28/00 | AT&T Corp. | 6,638 |
| 02/01/00 | Bell Atlantic Corp. | 22,983 |
| 02/01/00 | BellSouth Corp. | 6,516 |
| 02/01/00 | Honeywell Intl Inc. | 8,535 |
| 02/01/00 | Lucent Technologies Inc. | 7,467 |
| 02/03/00 | MediaOne Group Inc. | 5,636 |
| 07/21/00 | MediaOne Group Inc. | 6,800 |
| 07/25/00 | MediaOne Group Inc. | 1,020 |

| 06/30/00 | Qwest Communications Intl. | 46 |
| 02/01/00 | SBC Communications Inc. | 8,637 |
| 02/03/00 | SBC Communications Inc. | 46 |
| 02/03/00 | SBC Communications Inc. | 46 |
| 02/04/00 | SBC Communications Inc. | 44,594 |
| 02/04/00 | U.S. West Inc. | 5,011 |

Petitioner also received ordinary dividends and capital gains in the amounts of $13,572 and $11,378, respectively.

OPINION

I. Introduction

We first address petitioner's constitutional challenge to the income tax. We then determine petitioner's gain from the sale of the securities. Finally, we address the additions to tax and section 6673 penalty.

II. Petitioner's Constitutional Challenge to the Income Tax

In the amended petition, in support of his assignments of error, petitioner claims that he has books and records substantiating his deductions, business expenses, credits, and charitable contributions. At the trial of this case, petitioner conceded that, during 2000, the sale of the securities produced proceeds of $225,390 and he received ordinary dividends and capital gains in the amounts of $13,572 and $11,378, respectively. He offered nothing to show any business expenses, credits, or charitable contributions. He conceded that he did not file a tax return for 2000. His wife, apparently speaking for him, claimed that, even if the Court were to find that he had

income in the amount determined by respondent, he was not obligated to file an income tax return (or pay any tax):

> We [petitioner and his wife] didn't file a return because we feel like we are not liable to file a return. Just based on research and the taxation clauses in the Constitution that specifically address how taxes can be taken, and based on Supreme Court cases after the 16th Amendment that says that it didn't grant Congress any more taxing authority, its our position, our good faith position as citizens, that we are not liable to file for this income.

On brief, petitioner restates his claim that he has no obligation to file an income tax return:

> After careful study and review of the Constitution of the United States and the Internal Revenue Laws, Petitioner has been brought clearly to the conclusion that the Internal Revenue Laws pertain to taxpayers and not to non-taxpayers. If one searches the index of the IRC under heading of "Liability for tax" one finds listed 51 different taxes, none of which refer to an "income tax". All tax returns filed by Petitioner prior to 1998 were filed due to lack of wisdom, knowledge and understanding. The enormity and ambiguity of the Internal Revenue Codes [sic] combined with a service that has operated with intimidation and fear tactics hinders the common man or woman from question [sic] the legality.

Section 6012(a) requires every individual having gross income exceeding certain minimum amounts to file an income tax return. For 2000, petitioner's gross income exceeded the applicable section 6012 minimum for filing a return.[1] The cases

---

[1] During 2000, petitioner received ordinary dividends and capital gains in the amounts of $13,572 and $11,378, respectively. Both dividends and gains derived from dealings in property are items of gross income. See sec. 61(a)(3) and (7). Together, the two items total $24,950, which is above the

(continued...)

are legion that individuals required by the Internal Revenue Code to file a return must file a return and pay tax.  E.g., Bassett v. Commissioner, 67 F.3d 29, 31 (2d Cir. 1995), affg. 100 T.C. 650 (1993); Stubbs v. Commissioner, 797 F.2d 936, 938 (11th Cir. 1986); Steinbrecher v. Commissioner, 712 F.2d 195, 198 (5th Cir. 1983), affg. T.C. Memo. 1983-12; United States v. Chrane, 529 F.2d 1236, 1237 (5th Cir. 1976); Hatfield v. Commissioner, 68 T.C. 895, 898 (1977); Hicks v. Commissioner, T.C. Memo. 1992-649; Zegel v. Commissioner, T.C. Memo. 1989-522.

Petitioner's claim that he has no obligation to file a return or pay any tax is without merit, and we reject it.

III.  Petitioner's Gain

At issue is the amount of petitioner's gain from the sale of the securities.  At trial, petitioner conceded that, during 2000, his brokerage account at Solomon Smith Barney (Smith Barney) was credited with $225,390, the proceeds from sales of the securities.  He claimed, however, that, the securities were sold at a net loss of $18,888 and, taking into account fees in the amount of $1,400 he paid Smith Barney, his total loss on the sales of the securities was more than $20,000.  Petitioner determines that he suffered a net loss on the sales of the

---

[1](...continued)
threshold for which a return was required from an individual for 2000, no matter what the individual's filing status (single, married filing jointly, etc.).  See Instructions accompanying 2000 Form 1040, U.S. Individual Income Tax Return, p. 15.

securities by comparing the sales price of each security with its tax basis, as he computes those bases. With one exception, i.e., shares of stock in Honeywell Intl. Inc. (the Honeywell shares), he computes the tax basis of each of his various security holdings as being the fair market value of the security on May 28, 1993, the date he claims is the date of his grandmother's death.

Petitioner's wife testified that, to the best of her recollection, petitioner's grandmother died on May 28, 1993. She testified that, except for the Honeywell shares, all of the securities were received by petitioner on account of his grandmother's death. She testified that the Honeywell shares were a gift to petitioner from his mother. Petitioner did not testify to those matters. There is in evidence a letter from Smith Barney that, for some of the securities, states prices for the securities on May 28, 1993.

Section 1001(a) deals with the computation of gain or loss on the sale or other disposition (without distinction, sale) of property. Gain is the excess of the amount realized on the sale of property over the property's adjusted basis (basis) for determining gain. Id. Loss is the excess of the property's basis for determining loss over the amount realized on its sale. Id. The basis of property may be different for purposes of determining whether property is sold at a gain or whether it is

sold at a loss. See, e.g., section 1015(a), which provides that the basis of property acquired by gift is the same in the hands of the donee as it was in the hands of the donor, except that, if such basis exceeds the fair market value of the property at the time of the gift, then, for purposes of determining loss, the basis shall be such fair market value. In general, the basis of property received by bequest is the fair market value of the property on the date of death of the decedent. See sec. 1014(a)(1). The basis of property received by purchase is its cost. See sec. 1012.

For the reasons that follow, we do not find petitioner's wife's testimony as to the origin of the securities in petitioner's hands to be credible, and we give it no weight. First, her testimony was self-serving (in that we assume, as petitioner's wife, she has an economic stake in the outcome of this case). We need not accept self-serving testimony, even if unopposed. Fleischer v. Commissioner, 403 F.2d 403, 406 (2d Cir. 1968), affg. T.C. Memo. 1967-85; see also Tokarski v. Commissioner, 87 T.C. 74, 77 (1986) ("Under all the circumstances, we are not required to accept the self-serving testimony of petitioner or that of his mother as gospel."). Second, with respect to the securities that she testified were received by bequest from petitioner's grandmother, her testimony involved two crucial facts: one, the fact of the grandmother's

death on or about May 28, 1993, and, two, the transfer of the securities on account of her death. Death is not exclusively a private event. It is usually accompanied by public recognition, in the form of a death certificate and, sometimes, court records evidencing the administration or probate of the decedent's estate. Often there is a will, and there are newspaper articles reporting the decedent's death. There is a substantial amount of money involved here, and the lack of any evidence supporting petitioner's wife's testimony on crucial points causes us to distrust that testimony as to the fact or date of the grandmother's death. With respect to the fact of the transfer of the securities, stock transfers (especially of the stock of traded companies) are evidenced by record entries. The securities in question here were sold by Smith Barney, who, we assume, would not have sold them and deposited the proceeds to petitioner's account unless Smith Barney was satisfied petitioner owned the securities. Petitioner produced no evidence of the transfer of any of the securities from his grandmother to him. We cannot, therefore, conclude that petitioner acquired securities from his grandmother or that, even if he did, he acquired them on or about May 28, 1993. We have similar difficulty with the petitioner's wife's testimony about the gift of the Honeywell shares.

Petitioner bears the burden of proving his basis in the securities. See Rule 142(a). Petitioner has failed to prove that the securities, other than the Honeywell shares, were acquired from his grandmother on or about May 28, 1993, or that the Honeywell shares were received from his mother by gift. Since petitioner has failed to prove that the securities have any basis in excess of zero, we sustain respondent's adjustment including in full the proceeds from the sale of the securities in petitioner's gross income.

IV. Additions to Tax

A. Respondent's Section 6651(a)(1) Determination

Section 6651(a)(1) provides for an addition to tax in the event a taxpayer fails to file a timely return (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect. The amount of the addition is equal to 5 percent of the amount required to be shown as tax on the delinquent return for each month or fraction thereof during which the return remains delinquent, up to a maximum addition of 25 percent for returns more than 4 months delinquent. Reasonable cause contemplates that the taxpayer exercised ordinary business care and prudence and was nonetheless unable to file a return within the prescribed time. United States v. Boyle, 469 U.S. 241, 246 (1985); sec. 301.6651-1(c)(1), Proced. & Admin. Regs.

Willful neglect means a conscious, intentional failure or reckless indifference.  <u>Boyle</u>, <u>supra</u> at 245.

Petitioner failed to file a tax return for 2000 and, thus, is liable for the addition to tax imposed by section 6651(a)(1) unless the failure was due to reasonable cause and not due to willful neglect.  Petitioner had sufficient gross income for 2000 so that he was required to file a return.[2]  He had filed tax returns from 1971 to 1995, when he stopped because, as his wife testified, they had done research and "realized that there had been a lot of unconstitutional things happening in the tax laws and we decided that we weren't going to be robbed anymore."  As the cases we cited above show, petitioner's reasons for not filing are spurious.  Petitioner's failure in his duty to file a tax return for 2000 was both conscious and intentional.  A person with gross income equal to petitioner's gross income for 2000, exercising ordinary business care and prudence, would have filed a tax return for 2000.  Petitioner consciously and intentionally failed to file a tax return for 2000.  Petitioner was willfully neglectful in failing to do so, and we so find.

We sustain an addition to tax under section 6651(a)(1) in the amount of $21,003.

---

[2]  See <u>supra</u> note 1.

B.  Respondent's Section 6654 Determination

Section 6654 provides for an addition to tax in the event of an underpayment of a required installment of individual estimated tax.  Sec. 6654(a) and (b).  As relevant to this case, each required installment of estimated tax is equal to 25 percent of the "required annual payment", which in turn is equal to the lesser of (1) 90 percent of the tax shown on the individual's return for that year (or, if no return is filed, 90 percent of his or her tax for such year), or (2) if the individual filed a return for the immediately preceding taxable year, 100 percent of the tax shown on that return.  Sec. 6654(d)(1)(A) and (B)(i) and (ii).  The due dates of the required installments for a calendar taxable year are April 15, June 15, and September 15 of that year and January 15 of the following year.  Sec. 6654(c)(2).

Petitioner filed no return for 1999 or 2000.  Petitioner's "required annual payment" of estimated tax was, therefore, equal to 90 percent of his tax for 2000.  Petitioner paid none of the required installments of that amount.

We sustain an addition to tax under section 6654(a) in the amount of $4,519.[3]

---

[3]  Petitioner does not challenge the computation of the sec. 6654 addition to tax, which we have not computed.

V.  Section 6673(a)(1) Penalty

Section 6673(a)(1) authorizes the Tax Court to impose a penalty on a taxpayer, not to exceed $25,000, if the Court finds, among other things, that the taxpayer's position is frivolous or groundless.  Sec. 6673(a)(1)(B).  The purpose of section 6673 is to compel taxpayers to think and to conform their conduct to settled principles before they file returns and litigate.  Takaba v. Commissioner, 119 T.C. 285, 295 (2002).  A taxpayer's position is frivolous if it is contrary to established law and unsupported by a reasoned, colorable argument for change in the law.  E.g., Nis Family Trust v. Commissioner, 115 T.C. 523, 544 (2000).  We need not find specific damages to invoke section 6673(a)(1); rather, that section is a penalty provision, intended to deter and penalize frivolous claims and positions in proceedings before this Court.  Bagby v. Commissioner, 102 T.C. 596, 613-614 (1994).

Petitioner does not here argue for any change in the law, and there is no plausible argument that he did not have to file a tax return for 2000.  Petitioner's argument to the contrary is frivolous, and we so find.  The Court twice warned petitioner--at a pretrial conference in March 2004 and at trial in May 2004-- that the argument he was advancing was of the sort that might subject him to a penalty under section 6673.  We have little sympathy for petitioner's obstinacy in the face of our warnings. We believe that petitioner is deserving of a substantial penalty

under section 6673.  We therefore impose on him under that section a penalty of $15,000.

## VI. Conclusion

We shall enter decision for respondent reflecting (1) the deficiency in tax determined by respondent, (2) the increased addition to tax asserted by respondent under section 6651(a)(1), (3) respondent's concession of the addition to tax determined under section 6651(a)(2), (4) the addition to tax determined by respondent under section 6654, and (5) the penalty we imposed under section 6673(a)(1).

To reflect the foregoing,

Decision will be entered

for respondent.