T.C. Summary Opinion 2010-6

UNITED STATES TAX COURT

ANDREW A. SHAH, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21833-08S.          Filed January 21, 2010.

Andrew A. Shah, pro se.

Nicole C. Lloyd, for respondent.

JACOBS, Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.  Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency of $3,024 and a section 6662(a) penalty of $604.80 for 2005 and a deficiency of $3,548 and a section 6662(a) penalty of $709.60 for 2006.

The issues for decision are: (1) Whether petitioner is entitled to the following claimed business expense deductions for 2005: (a) $15,485 for college tuition and book expenses, (b) $825 for travel expenses, and (c) $639 for office expenses; (2) whether petitioner is entitled to the following claimed business expense deductions for 2006: (a) $14,522 for college tuition and book expenses, (b) $578 for travel expenses, and (c) $1,092 for office expenses; and (3) whether petitioner is liable for the section 6662(a) accuracy-related penalty for 2005 and/or 2006.

Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

## Background

Some of the facts have been stipulated and are so found. The stipulation of facts, the supplemental stipulation of facts, and the attached exhibits are incorporated herein by this reference. Petitioner resided in California when the petition was filed.

During 2005 and 2006 petitioner was an undergraduate student at New York University (NYU), where he majored in film and

television studies. To meet his graduation requirements petitioner was required to complete both the core courses of his major and elective courses from other fields of study. A substantial number of the elective courses petitioner enrolled in consisted of computer science, Web design, and multimedia courses.

Petitioner has long been interested in computer and Web design work. While attending high school in Chicago, Illinois, petitioner began performing information technology (IT) services for several of the clients of Physicians Tax Services, Inc. (Physicians Tax Services), a company owned by petitioner's father, Ashvin Shah. Physicians Tax Services provides accounting, tax preparation, payroll, and tax planning services for 450 to 475 clients, most of whom are doctors. Part of petitioner's work involved working on the Web sites of clients of Physicians Tax Services. Petitioner earned between $5,000 and $10,000 during 2003 and 2004 (his junior and senior years in high school) providing these services.

Petitioner generally returned to Chicago during NYU's summer, winter, and spring breaks. Petitioner stayed with his parents, and he worked for Physicians Tax Services. Petitioner again performed IT and Web design services for that company's clients, using skills he learned in some of his classes at NYU.

After petitioner graduated from NYU in 2008 he began working in the entertainment industry in California. At the time of trial he was employed by a late-night television talk show, creating multimedia content for the show's Web site.

On his 2005 and 2006 Forms 1040, U.S. Individual Income Tax Return, petitioner attached Schedules C, Profit or Loss From Business, for his work as an "IT Consultant-Web Designer." On his 2005 Schedule C petitioner deducted office expenses, travel expenses, and other expenses which consisted of tuition and books. Although petitioner's 2006 Federal income tax return is not in the record, the parties submitted a certified tax return transcript representing petitioner's 2006 Federal income tax return. The certified transcript indicates that petitioner filed a Schedule C and deducted office expenses, travel expenses, and other expenses that were made up of his tuition and book expenses. Petitioner's father, an accountant and professional tax preparer, prepared petitioner's Federal tax returns for both 2005 and 2006 and signed both returns as the return preparer.

Respondent issued a notice of deficiency to petitioner for 2005 and 2006 on June 17, 2008.

## Discussion

In general, the Commissioner's determinations in the notice of deficiency are presumed correct, and the taxpayer bears the

burden of proving error.[1]  Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).  The Commissioner has the burden of producing sufficient evidence to show that it is appropriate to impose the relevant penalty, addition to tax, or additional amount.  Sec. 7491(c); <u>Higbee v. Commissioner</u>, 116 T.C. 438, 446 (2001).

Deductions are a matter of legislative grace and are allowable only as specifically provided by statute.  See <u>INDOPCO, Inc. v. Commissioner</u>, 503 U.S. 79, 84 (1992); <u>Joseph v. Commissioner</u>, T.C. Memo. 2005-169.  Taxpayers bear the burden of proving that they are entitled to any deductions claimed.  <u>New Colonial Ice Co. v. Helvering</u>, 292 U.S. 435, 440 (1934); <u>Singh v. Commissioner</u>, T.C. Memo. 2009-36.  The taxpayer is required to maintain adequate records to substantiate the amounts of any deductions or credits claimed.  Sec. 6001; sec. 1.6001-1(a), Income Tax Regs.

Section 162(a) authorizes a deduction for "all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business".  A trade or business expense is ordinary for purposes of section 162 if it is normal or customary within a particular trade, business, or industry and is necessary if it is appropriate and helpful for the development

---

[1]Sec. 7491(a)(1) (which could shift the burden of proof to respondent) was not raised by petitioner.

of the business.  Commissioner v. Heininger, 320 U.S. 467, 471 (1943); Deputy v. du Pont, 308 U.S. 488, 495 (1940).  In contrast, "personal, living, or family expenses" are generally nondeductible.  Sec. 262(a).

For reasons specified infra, we uphold respondent's determinations in the notice of deficiency with respect to petitioner's claimed business expense deductions.

A.  Petitioner's Education Expenses

Petitioner claimed a business expense deduction for a portion of his NYU tuition and book expenses for 2005 and 2006. Petitioner provided a copy of Form 1098-T, Tuition Statement, for 2005 which states that petitioner was billed $35,420 in qualified tuition and related expenses and received $4,000 in scholarships or grants.  Petitioner did not provide a Form 1098-T with respect to amounts billed for qualified tuition and related expenses for 2006.

Petitioner failed to provide any evidence with respect to the payment of the tuition for either 2005 or 2006.  Hence, we do not know the exact amounts of the tuition payments and, more importantly, that it was petitioner who actually paid the tuition expenses.  We therefore hold that petitioner has not established that he paid the claimed educational expenses for either year. See, e.g., Udoh v. Commissioner, T.C. Memo. 1999-174.

Even were we to find that petitioner substantiated his educational expenses, the claimed deductions for the expenses would not be allowed because expenses for education which is part of a program of study being pursued by a taxpayer that leads to qualifying the taxpayer for a new trade or business are not deductible.  Sec. 1.162-5(b)(1), (3)(i) Income Tax Regs.  These expenses are not deductible as ordinary and necessary business expenses "even though the education may maintain or improve skills required by the individual in his employment or other trade or business or may meet the express requirements of the individual's employer or of applicable law or regulations."  Sec. 1.162-5(b)(1), Income Tax Regs.; see Jungreis v. Commissioner, 55 T.C. 581, 591 (1970); Warren v. Commissioner, T.C. Memo. 2003-175; Malek v. Commissioner, T.C. Memo. 1985-428.  With respect to courses taken as part of an undergraduate degree, we stated in Kersey v. Commissioner, T.C. Memo. 1993-641, affd. without published opinion 50 F.3d 15 (9th Cir. 1995):

> It is difficult, if not impossible, for a taxpayer to satisfy the requirements of the Code and regulations in order to obtain a deduction for expenses incurred in attaining a bachelor's degree.  Malek v. Commissioner, T.C. Memo. 1985-428.  Such degrees generally qualify the graduate for a new trade or business in some field, and that field would not necessarily be in the same area as was previously engaged in.  * * *

Petitioner maintains that he deducted only tuition and book costs for those classes related to his computer work. Specifically, petitioner posits that since he was employed in Web

design and multimedia while in high school, classes he took at NYU related to those fields should be considered to be qualifying work-related education that improved skills and not a program of study that qualifies him for a new trade or business.

Petitioner is incorrect in his analysis. While his computer and Web design courses may have improved his skills, they also helped qualify petitioner for a new trade or business. These courses were necessary for him to earn his bachelor's degree since he could not have graduated from NYU without those credits. Therefore, these courses were part of a course of study that will lead to qualifying petitioner in a new trade or business. As we stated in Warren v. Commissioner, supra: "what is important under the regulations is that the degree 'will lead' petitioner to qualify for a new trade or business. Sec. 1.162-5(b)(3)(i), Income Tax Regs." (Fn. ref. omitted). Consequently, we hold that petitioner may not deduct his tuition and book expenses for 2005 and 2006.

B. Petitioner's Travel Expenses

Petitioner deducted travel costs he incurred in traveling between NYU and Chicago in 2005 and 2006, asserting that the trips were for the purpose of providing services to clients of Physicians Tax Services.

Section 162(a)(2) permits a deduction for traveling expenses while away from home in the pursuit of a trade or business.

Initially, we note petitioner has not established a tax home from which he was away.  The question of whether petitioner has a tax home is factual, and the burden of proof is on petitioner.  See Rule 142(a); Welch v. Helvering, 290 U.S. at 115; Barone v. Commissioner, 85 T.C. 462, 466 (1985), affd. without published opinion 807 F.2d 177 (9th Cir. 1986).

Petitioner provided no evidence or legal theory with respect to this issue.  He merely asserts that he "qualified for all three factors to determine" that his tax home is New York.

We have previously held that a college student's tax home may be where he or she is regularly employed and not the location of the school.  See Weiberg v. Commissioner, T.C. Memo. 1980-147 (taxpayer's tax home was his principal place of employment and not the location of the school he attended), affd. 639 F.2d 434 (8th Cir. 1981); Waggener v. Commissioner, T.C. Memo. 1963-2 (taxpayer's tax home was wherever she was regularly employed as a clerk-typist while attending college).  Upon the record before us, we cannot determine that petitioner's tax home is New York.

Furthermore, section 274(d) imposes strict substantiation requirements for deductions related to traveling expenses.  The taxpayer must substantiate by adequate records or sufficient evidence the amount of the expense, the time and place of the travel, the business purpose of the expense, and the business relationship to the taxpayer.  Sec. 274(d); sec. 1.274-5T(b)(2),

Temporary Income Tax Regs., 50 Fed. Reg. 46014 (Nov. 6, 1985). "To meet the 'adequate records' requirement of section 274(d), a taxpayer shall maintain an account book, diary, log, statement of expense, trip sheets, or similar record * * *, and documentary evidence". Sec. 1.274-5T(c)(2)(i), Temporary Income Tax Regs., 50 Fed. Reg. 46017 (Nov. 6 1985). Petitioner does not meet these strict substantiation requirements.

To substantiate his expenses, petitioner offered credit card invoices for 2005 and a noncontemporaneous schedule he created entitled "Andrew Shah Tax Year 2005 Log for Expenses" that lists amounts allegedly paid for "travel" and the dates they were incurred.

The 2005 credit card invoices petitioner submitted relate to a credit card in his mother's name. Petitioner's name is not on that credit card. The record does not show whether petitioner paid the travel-related expenses or whether they were paid by his parents. While there are three travel-related entries, July 16, 2005, Other travel--Travelocity.com; July 16, 2005, Air Travel ATA Air; and October 18, 2005, Air Travel ATA Air, it is unclear to what travel these entries relate. Further, these entries do not provide the information required by the regulations as discussed <u>supra</u> p. 9. Petitioner's 2005 Log for Expenses suffers from these same defects.

Petitioner provided no documentation with respect to 2006. We therefore conclude that he did not meet the substantiation requirements for his 2006 travel expenses.

C.  Petitioner's Office Expenses

Petitioner deducted office expenses he stated he incurred with respect to the work he performed for Physicians Tax Services' clients in 2005 and 2006.  Petitioner used the 2005 credit card invoices and the 2005 Log for Expenses mentioned supra p. 10 to substantiate these expenses.  Neither document states the items that were purchased or their business purpose. We have no way of determining whether those expenses are business or personal expenses.  Consequently, we cannot conclude that the proffered documentation substantiates petitioner's 2005 office expense deduction.  See Rudnick v. Commissioner, T.C. Memo. 2009-133; Alemasov v. Commissioner, T.C. Memo. 2007-130.

As stated supra p. 10, petitioner provided no documentation with respect to 2006.  We therefore find that he did not meet the substantiation requirements for his 2006 office expenses.

D.  Section 6662(a) Accuracy-Related Penalty

Section 6662(a) imposes an accuracy-related penalty equal to 20 percent of the underpayment of tax attributable to, inter alia, a substantial understatement of income tax, as provided in section 6662(b)(2), or negligence or disregard of rules or regulations, as provided in section 6662(b)(1).  An

understatement of income tax pursuant to section 6662(b)(2) is equal to the excess of the amount of tax required to be shown on the tax return over the amount of tax shown on the return. Sec. 6662(d)(2)(A). The understatement is substantial in the case of an individual if it exceeds the greater of 10 percent of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). Negligence is the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Jean Baptiste v. Commissioner, T.C. Memo. 1999-96. Respondent has the burden of production with respect to the section 6662(a) accuracy-related penalties. See sec. 7491(c). Respondent has met his burden of production.

The accuracy-related penalty does not apply to any part of an underpayment of tax if it is shown that the taxpayer acted with reasonable cause and in good faith. Sec. 6664(c)(1). This determination is made on a case-by-case basis, taking into account all the pertinent facts and circumstances. Sec. 1.6664-4(b)(1), Income Tax Regs. Reliance on the advice of a professional tax adviser may constitute reasonable cause and good faith if the reliance was reasonable. Id. Petitioner bears the burden of proving that he had reasonable cause and acted in good faith. See Higbee v. Commissioner, 116 T.C. at 446.

The record demonstrates that petitioner's father, Ashvin Shah, an accountant, was an experienced tax preparer. Thus

despite the close familial relationship, we find petitioner had reasonable cause to rely on his father's advice.  Cf. <u>Bassett v. Commissioner</u>, 100 T.C. 650 (1993), affd. 67 F.3d 29 (2d Cir. 1995).  Consequently, we do not sustain respondent's determination with respect to the imposition of the section 6662(a) accuracy-related penalties for 2005 and 2006.

> <u>Decision will be entered for respondent as to the deficiencies and for petitioner as to the accuracy-related penalties</u>.